William R. BELLAMY and wife, Susan Bellamy, Plaintiffs/Appellees,

v.

FEDERAL EXPRESS CORPORATION and Davco Corporation, Defendants/Appellants.

Supreme Court of Tennessee, at Jackson.

April 4, 1988.

**32**

Michael F. Pleasants, Sam Blair, Jr., Michael C. Patton, Memphis, for plaintiffs/appellees.

T. Robert Hill, Jackson, amicus curiae, Tenn. Trial Lawyers Assoc. in support of plaintiffs/appellees.

Charles A. Sevier, Shawn P. Ellis, Memphis, for Golden Sec. Life Ins. Co.

Tim Wade Hellen, Memphis, for Otis Elevator Co.

James R. Garts, Jr., Michael F. Rafferty, Memphis, for defendants/appellants.

## OPINION

HARBISON, Chief Justice.

Appellees brought this action against appellants for personal injuries sustained by William R. Bellamy on October 8, 1983, when he fell from a platform at the site of a construction project in Shelby County. The owner of the premises on which the construction was being done was appellant Federal Express Corporation. The general contractor was appellant Davco Corporation. Appellee William R. Bellamy was an employee of a firm of consulting engineers, Process Systems, Inc., engaged by the property owner to inspect the construction work and assure compliance by the contractor and the subcontractors.

In their complaint appellees charged the defendants with common law and statutory negligence in a number of different respects, including alleged violation of regulations issued under the Federal Occupational Safety and Health Act (OSHA), 29 U.S.C. §§ 651 to 678, and regulations issued under the Tennessee Occupational Safety and Health Act of 1972, T.C.A. §§ 50–3–101 to 50–3–918.

The two defendants filed a single answer and have been represented throughout the proceedings by the same counsel. The defendants did not plead any distinction in their relative status. The answers contained a general denial of violations of common law and statutory claims of negligence and raised affirmative defenses of contributory fault and assumption of risk.

Thereafter five depositions were taken, and the appellants jointly moved for summary judgment. After consideration of the depositions and supporting exhibits, the trial judge granted the motion on the sole ground of proximate contributory negligence of Mr. Bellamy. He and his wife appealed.

As the case was initially argued and briefed in the Court of Appeals, the only error asserted was that factual issues were presented which made summary judgment inappropriate. While the case was pending in the Court of Appeals, however, a decision of the United States Court of Appeals for the Sixth Circuit was rendered in the case of *Wren v. Sullivan Electric, Inc.*, 797 F.2d 323 (6th Cir.1986).

At oral argument in the Court of Appeals, appellees urged that in light of the *Wren* decision the Court of Appeals should hold as a matter of law that the defenses of contributory negligence and assumption of risk were not available insofar as the complaint alleged violations of the federal and state occupational safety and health statutes. The Court of Appeals sustained this contention and did not address the original argument of appellees that summary judgment was inappropriate because of factual disputes.

██ Until the case reached this Court, no question was raised as to the coverage of the federal and state statutes with respect to either of the defendants-appellants; and this matter does not appear to have been addressed in the summary judgment proceedings conducted in the trial court. We, therefore, deem it inappropri-

ate for us to attempt to address the issue on the present record.

The federal and state statutes are designed primarily to deal with the relationships between employers and employees. The extent to which landowners or general contractors are covered may become a pertinent issue in this case. Until this point, however, it has not been asserted by either of the appellants that the exclusive remedy provisions of the workers' compensation statutes, T.C.A. § 50–6–108, bar this action. Nor, as stated, has any issue been developed as to the scope and coverage of the statutory provisions above referred to or as to their applicability to one or both of the appellants.

■ It appears from such material as is contained in the file that the Federal Express Corporation was more than a passive landowner. Some of its personnel were actively engaged in supervising the work, but it also had a contract for the general project with appellant Davco Corporation. That contract has not been included in the record on appeal. No references have been made to any pertinent provisions with regard to the respective duties between the contractor and the landowner or to those concerning indemnification and insurance. It would be speculative on our part, therefore, to go beyond the issues originally raised in the summary judgment proceedings except to deal with questions of law decided by the Court of Appeals.

This is another of many cases in which the granting of summary judgment was inappropriate. It has been repeatedly stated by this Court that the purpose of a summary judgment proceeding is not the finding of facts, the resolution of disputed factual issues, or the determination of conflicting inferences reasonably to be drawn from facts. The purpose is to resolve controlling issues of law, and that alone. *See Hamrick v. Spring City Motor Co.,* 708 S.W.2d 383, 388 (Tenn.1986); *Evco Corp. v. Ross,* 528 S.W.2d 20, 25 (Tenn.1975).

Taken most favorably to the plaintiffs, who are the appellees here, there is evidence from which reasonable minds might conclude that Mr. Bellamy did not act unreasonably or fail to exercise ordinary care for his own safety under the circumstances presented. A trier of fact might conclude that he was not negligent at all or that no act or omission on his part was a direct or proximate cause of his injury. A trier of fact could certainly conclude otherwise. It is not the purpose of a motion for summary judgment to determine the preponderance of the evidence.

In our opinion there were factual issues presented in this case which made the granting of a summary judgment on the sole issue of the proximate contributory negligence of Mr. Bellamy inappropriate. The judgment of the trial court in granting summary judgment, therefore, is reversed; and the cause is remanded for further proceedings. Those proceedings may include the development of appropriate questions, if such exist, as to whether either or both of the appellants may be legally subject to the provisions of the state and federal safety and health statutes above referred to. Because of the possible existence of indemnification or insurance arrangements between the two appellants, the matter may be unimportant or irrelevant. It simply has not been sufficiently raised or developed on the partial record before us to be considered at this point.

■ We respectfully disagree, however, with the decision of the Court of Appeals in this case and that of the Court of Appeals for the Sixth Circuit in the *Wren* case *supra,* that the defense of contributory negligence is precluded by the federal and state occupational safety and health statutes. Nothing in those statutes, expressly or impliedly, negates the existence of the defense of contributory negligence.

All of the Tennessee cases cited by the Court of Appeals for the Sixth Circuit dealt solely and alone with the defense of the assumption of risk—a defense not based upon unreasonable causative conduct of a plaintiff but upon his or her voluntarily consenting to exposure to a known danger. The two defenses are not synonymous or congruent, even though sometimes the same facts have relevance to both defenses; nor do these defenses rest upon the

same policy considerations. One is concerned with the voluntary consent by a claimant to a known risk; the other deals with the unreasonable conduct of the plaintiff as a direct and proximate cause of his own injuries. *See Draper v. Louisville & N.R. Co.*, 17 Tenn.App. 213, 215–16, 66 S.W.2d 1003, 1004–5 (1933).

■ We agree with the Court of Appeals for the Sixth Circuit that under the statutes in question the defense of assumption of risk should not ordinarily be available against a covered employee in favor of a covered employer. This has been the traditional holding of Tennessee courts in connection with various kinds of occupational safety legislation. The leading case is *American Zinc Co. v. Graham*, 132 Tenn. 586, 179 S.W. 138 (1915), cited by the Court of Appeals for the Sixth Circuit. In accord therewith are the decisions in *Tennessee Eastman Corp. v. Newman*, 22 Tenn.App. 270, 121 S.W.2d 130 (1938); *Holliston Mills v. McGuffin*, 177 Tenn. 1, 145 S.W.2d 1 (1940); and *State v. Clymer*, 27 Tenn.App. 518, 182 S.W.2d 425 (1943).

In each of those cases it was held that mere knowledge of an employee that the employer had violated certain health or safety regulations did not preclude the employee from bringing an action against his employer on the ground that the employee had assumed the risk. None of the cases dealt with unreasonable conduct of the employee himself which directly and proximately contributed to his own injury. In none of the cases was anything asserted other than that the employee had knowledge of the statutory violation. The conclusion by both the federal and the state intermediate courts of appeals that the policies underlying the safety and health statutes which preclude a defense of the assumption of risk also preclude a defense of contributory negligence is, in our opinion, not justified.

■ There are a number of cases construing the federal statutes which hold that contributory negligence of an employee does not prevent the imposition of fines, penalties or other sanctions upon the employer, and with those holdings we agree.

*See PBR, Inc. v. Secretary of Labor*, 643 F.2d 890 (1st Cir.1981); *REA Express, Inc. v. Brennan*, 495 F.2d 822 (2nd Cir.1974). Such decisions, however, do not support the proposition that the contributory negligence of the employee is immaterial in his own action for damages, or that the applicable statutes and regulations preclude the employer from raising such a defense. Appellees have cited no cases so holding and have relied solely upon administrative enforcement actions against employers.

■ In the *Wren* case, *supra*, the Court of Appeals for the Sixth Circuit held that a violation of the federal regulatory statutes involved here constituted negligence *per se*. There is a substantial body of law otherwise. A number of courts have held that such violations constitute no more than evidence of negligence, in view of the expressly declared intention of Congress that OSHA is not designed to affect the civil standard of liability. *See, e.g., Wendland v. Ridgefield Construction Services, Inc.*, 184 Conn. 173, 439 A.2d 954 (1981); *Hebel v. Conrail, Inc.*, 475 N.E.2d 652 (Ind.1985).

In enacting OSHA, Congress provided:

"Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4).

*See also Minichello v. U.S. Industries, Inc.*, 756 F.2d 26, 29 (6th Cir.1985).

The construction of OSHA or its state counterpart as creating a basis of liability for negligence *per se*, therefore, is, in our opinion, giving the maximum effect to those statutes and one that indeed is on the outer periphery of the force and effect intended by the legislative bodies that the statutes be given. Such a holding, however, is consistent with Tennessee cases on statutory violations generally and is in accord with the general policy of giving sig-

nificant effect to such statutes. *See, e.g.,* *Acuff v. Commissioner of Tennessee Department of Labor,* 554 S.W.2d 627 (Tenn. 1977), in which this Court enforced the state regulations against the owner of a crane despite the fact that under strict common-law concepts the operator could have been deemed to be a loaned servant.

The further holding by the Court of Appeals for the Sixth Circuit and the holding of the Tennessee Court of Appeals in the present case that the defense of assumption of risk is also precluded by the statutory schemes is likewise consistent with the earlier Tennessee cases previously cited. We, therefore, agree with the decisions of those courts that proof of violation of the state or federal statutes will constitute negligence *per se,* rather than mere evidence of negligence, and will ordinarily preclude a covered employer from raising a defense of assumption of risk.

To give these statutes greater force and also to deny the defense of contributory negligence, in our opinion, is not warranted. We recognize, of course, that sometimes statutes are construed to preclude the defense of contributory negligence for specially protected classes. *See* W.P. Keeton *et al., Prosser and Keeton on the Law of Torts,* § 36 (5th ed.1984). In early Tennessee cases, however, the defense was held to be available even in cases of illegal employment of children. *See Queen v. Dayton Coal & Iron Co.,* 95 Tenn. 458, 32 S.W. 460 (1895).

The federal and state statutes involved here are very broad and general. In our opinion they do not create such a specially protected class of persons as to obviate contributory negligence as a defense. These statutes impose duties and obligations upon employees as well as employers. *See* T.C.A. § 50-3-106(1) (employee must comply with safety and health standards and also all rules, orders and regulations applicable to his own actions and conduct.)

Generally where the violation of a statute constitutes negligence *per se* the defense of contributory negligence is still available. *See Union Railway Co. v.*

*Jinks,* 55 Tenn.App. 491, 402 S.W.2d 495 (1965); *Baggett v. Louisville & Nashville Railroad Co.,* 51 Tenn.App. 175, 365 S.W. 2d 902 (1962). We have been cited to no authority holding otherwise with respect to personal injury claims under OSHA or its state counterpart, except the *Wren* case, *supra.*

In the case of *Steiner v. Spencer,* 24 Tenn.App. 389, 145 S.W.2d 547 (1940), the Tennessee Court of Appeals recognized that assumption of risk was not a defense in an action for damages for violation of the state workshop and factory inspection statutes which were involved in the leading case of *American Zinc Co. v. Graham,* 132 Tenn. 586, 179 S.W. 138 (1915). Nevertheless, the *Steiner* court said:

> "The Tennessee Workshop and Factory Inspection Act (Acts 1919, ch. 110; Code, sec. 5340) contains no provision excluding the defense of contributory negligence, nor do the terms of the Act exclude it by implication, therefore the employer is not precluded from relying on this defense." 24 Tenn.App. at 397, 145 S.W.2d at 552.

The record developed to date in the present case contains only allegations that the statutes or regulations were violated. Assuming that violations can be established by competent proof, in our opinion these violations would establish negligence *per se* on the part of any covered defendant. Viable issues of proximate cause, however, would remain, together with the issue of contributory negligence.

The judgments of the courts below are reversed, and the cause is remanded for further proceedings in accordance with this opinion. Costs of the appeal are taxed equally to the parties. All other costs will be fixed by the trial court.

COOPER, DROWOTA and O'BRIEN, JJ., and McLEMORE, Special Judge, concur.