# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON
-----------------------------------------------------------------------

| | | |
|---|---|---|
| ROBERT HAROLD PILGRIM and wife, FRANCES PILGRIM, | ) ) | |
| | ) | Dyer Chancery |
| Plaintiffs/Appellants | ) | Case No. 91-244 |
| v. | ) ) | |
| EDWARD H. FRAZIER, | ) | Appeal No. 02A01-9611-CV-00294 |
| | ) | |
| Defendant/Appellee | ) | |

FILED

June 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CHANCERY COURT OF DYER COUNTY
AT DYERSBURG, TENNESSEE
THE HONORABLE JOE G. RILEY, CHANCELLOR

JOHN W. PALMER
The Palmer Law Firm
116 W. Court St.
P.O. Box 746
Dyersburg, TN  38025
Attorney for Appellants

MARK D. JOHNSTON
217 W. Market St.
Dyersburg, TN  38025-1326
Attorney for Appellee

AFFIRMED

WILLIAM H. INMAN, SENIOR JUDGE

CONCUR:

DAVID R. FARMER, JUDGE

ALAN E. HIGHERS, JUDGE

**O P I N I O N**

The plaintiffs filed suit on October 15, 1991 against the defendant for damages resulting from a traffic accident. An answer to the complaint was filed December 16, 1991.

The case apparently lay dormant until April 17, 1994 when the plaintiffs filed a motion seeking the issuance of a summons upon Tennessee Farmers Mutual Insurance Company, their underinsured carrier, alleging that they were informed on March 25, 1994, by the defendant's attorney, that the defendant's liability coverage was $25,000.00 and thus markedly inadequate to compensate the plaintiffs.

The motion was granted by order entered May 2, 1994 and a copy of the summons and complaint was served on Tennessee Farmers Mutual Insurance Company on May 3, 1994, which filed its answer that the plaintiffs policy provided uninsured/underinsured coverage for them in a limited amount. The policy required the plaintiffs to:

"1. Notify us as soon as possible of their intention to seek such coverage."

Tennessee Farmers Mutual filed a motion for summary judgment on October 2, 1995, based on the delay of 42 months after the accident and 31 months after the commencement of the case, alleging that the notification to seek underinsured coverage under the policy was not "as soon as possible." The motion was supported by the affidavit of John Washburn, a claims representative, who deposed that his company had no notice of the insured's intention to seek underinsured coverage until May 3, 1994 when such papers were served.

The plaintiffs filed only the affidavit of their attorney in contravention of the motion. In his affidavit, counsel for the plaintiffs deposed that the defendant's attorney advised them of the policy limits on March 25, 1994 and, until that date, "they had no way of knowing" that the defendant was underinsured, and "had no reason to believe" that the defendant had minimum liability insurance.

The motion for summary judgment was granted, and the plaintiffs appeal, presenting for appellate review the issue of the propriety of the dismissal of the insurance company.

The standards governing our review of a trial court's action on a motion for summary judgment are well-settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of TENN. R. CIV. P. 56 have been met. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991); *Foley v. St. Thomas Hosp.*, 906 S.W.2d 446, 452 (Tenn. Ct. App. 1995); *Brenner v. Textron Aerostructures*, 874 S.W.2d 579, 582 (Tenn. Ct. App. 1993). TENN. R. CIV. P. 56.03 provides that summary judgment is appropriate only where (1) there is no genuine issue of material fact relevant to the claim or defense contained in the motion, and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Carvell*, 900 S.W.2d at 26; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that the motion satisfies these requirements. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991).

While the summary judgment procedure is not a substitute for trial, it goes to the merits of the complaint and should not be taken lightly. *Byrd*, 847 S.W.2d at 210; *Jones v. Home Indem. Ins. Co.*, 651 S.W.2d 213, 214 (Tenn. 1983); *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Foley*, 906 S.W.2d at 452. It has been repeatedly stated by the appellate courts of this state that the purpose of a summary judgment proceeding is not the finding of facts, the resolution of disputed factual issues, or the determination of conflicting inferences reasonably to be drawn from the facts. *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988). Rather, the purpose of summary judgment is to resolve controlling issues of law. *Id.*

3

In evaluating the propriety of a motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Byrd*, 847 S.W.2d at 210-11. A motion for summary judgment should only be granted when both the facts and the conclusions drawn from the facts permit a reasonable person to reach only one conclusion. *Id.*

With the foregoing principles in mind, we think this case is controlled by a recent decision of this Court, *Whaley v. Underwood*, 922 S.W.2d 110 (Tenn. Ct. App. 1995).

In *Whaley*, the policy provided underinsured motorist coverage, and the insureds were contractually required to personally send copies of the legal papers in their suit against Underwood. Suit was filed January 17, 1989 and, two years later, they ascertained that the Underwoods' liability was inadequate to cover the claim. Whaley's attorney sent a letter to the insurance company on April 2, 1991, informing it that he might issue a summons and complaint "within the next few days" and enclosing a copy of the complaint he had filed against Underwood. But no summons or complaint was served until December 30, 1992, nearly four years after the action was filed, and 20 months after the company was notified of a possible underinsured motorist claim.

The issue was whether the transmittal of the complaint on April 2, 1991 satisfied the policy requirement that the insured seeking underinsured motorist coverage must also "promptly send us copies of the legal papers if a suit is brought."

Quoting from *Allstate Ins. Co. v. Wilson*, 856 S.W.2D 706 (Tenn. Ct. App. 1992), we held that

> [a] requirement in a policy for "prompt" or "immediate notice," or that notice must be given "immediately," "at once," "forthwith," "as soon as practicable," or "as soon as possible" generally means that the notice must be given within a reasonable time under the circumstances of the case.

*quoting* Am. Jur.2d. *Insurance* § 1330.

We held that Whaley did not act within a reasonable time, because a 27-month delay was too long and significantly that

> [t]he fact that [the Whaleys] did not learn until mid-February, 1991, that the Underwoods were underinsured is not sufficient, standing alone, to condone a failure to notify the UM carrier. . . . The Whaleys failed to show why it took so long before they determined that the Underwoods were underinsured. They offered no facts reflecting that they took reasonable steps to satisfy themselves that the Underwoods had adequate coverage. To defeat the insurance company's motion, "it must be shown that the claimant exercised due diligence and reasonable care in ascertaining that there was coverage under the policy."

*Whaley*, 922 S.W.2D at 114-15 (*quoting Lee v. Lee*, 732 S.W.2d 275, 276 (Tenn. 1987)).

As we have shown, the plaintiffs offered only the affidavit of their attorney that they "had no way of knowing" the defendant's coverage and "no reason to believe" he was underinsured. They simply relied upon the attorney for the defendant to tell them about the amount of coverage; they "offered no facts reflecting that they took reasonable steps to satisfy themselves that the defendant had adequate coverage." *Whaley, supra*, and they offered no evidence that they exercised due diligence and reasonable care to ascertain the amount of the coverage. The affidavit of counsel manifestly does not satisfy these requirements. A delay of 31 months is simply unreasonable and violative of the contractual requirement of notice "as soon as possible."

The judgment is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Alan E. Highers, Judge


_____
David R. Farmer, Judge

5