IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

JOSEPH LEIBOVICH, EXECUTOR OF )
THE ESTATE OF EVELYN G. JORDAN)
AND JOHN JORDAN, )
)
      Plaintiffs/Appellees, ) Shelby Circuit No. 38197 T.D.
)
VS. ) Appeal No. 02A01-9608-CV-00192
)

THE KROGER COMPANY, )
TOPVALCO, INC., MID-SOUTH )
AUTOMATIC DOOR AND BESAM, )
INC., )
)
      Defendants/Appellants. )

FILED

August 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE D'ARMY BAILEY, JUDGE

JOHN R. CANNON, JR.
THE HARDISON LAW FIRM
Memphis, Tennessee
Attorney for Appellant


SAM L. CRAIN, JR.
STEPHEN D. CRAWLEY
SCOTT J. CROSBY
Memphis, Tennessee
Attorneys for Appellee

REVERSED AND REMANDED


      ALAN E. HIGHERS, J.


CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

    In this personal injury action, Joseph Leibovich ("Plaintiff") filed suit as the executor

of the estate of Evelyn Jordan ("Jordan") and her husband, John Jordan, for injuries Jordan sustained as a result of being struck by automatic doors that closed upon her. Plaintiff alleged that the negligence of the Defendants, The Kroger Company, Topvalco, Inc., Mid-South Automatic Door ("Mid-South"), and Besam, Inc. ("Besam"), combined to cause Jordan's injury. Besam cross-claimed against Mid-South for breach of contract based upon Mid-South's failure to have Besam named as a co-insured on Mid-South's policy of liability insurance for the 1989-1990 year. Besam filed a motion for summary judgment on its cross-claim against Mid-South. The trial court granted Besam's motion for summary judgment on its cross-claim against Mid-South and held that Mid-South breached its distributorship agreement with Besam by failing to name Besam as a co-insured or additional insured on Mid-South's liability insurance policy which was in effect on the date of Jordan's accident. In granting Besam's motion for summary judgment on its cross-claim against Mid-South, the trial court ordered Mid-South to defend Besam in the underlying action, ordered Mid-South to reimburse Besam for all attorneys' fees and litigation costs incurred by Besam in its defense of this case up to the date of the order, ordered Mid-South to pay any judgment entered against Besam in favor of the Plaintiff to the same extent that Besam would have been covered for the judgment under the liability insurance policy in effect at the time of Plaintiff's accident had Besam been named as a co-insured or additional insured under the policy, unless Besam is adjudged solely liable for Plaintiff's alleged damages and injuries, and designated its order as a final judgment pursuant to Tenn. R. Civ. P. 54.02. Mid-South appeals the judgment of the trial court arguing that the trial court erred in granting Besam's motion for summary judgment on its cross-claim against Mid-South. For the reasons stated hereafter, we reverse the judgment of the trial court and remand for a determination of whether Besam is directly and solely liable for the claims asserted by the Plaintiff.

## FACTS

Mid-South, a distributor of automatic doors, entered into a distributorship agreement with Besam, a manufacturer of automatic doors, whereby Mid-South agreed to provide Besam with liability insurance for all claims for which Besam was not directly and solely

2

liable. Mid-South's distributorship agreement with Besam provides in pertinent part as follows:

> 6. [Mid-South's] Sales, Service and Reporting Obligations
>
> [Mid-South] shall, to the reasonable satisfaction of [Besam]:
>
> G. Obtain and maintain liability insurance naming [Besam] as co-insured in such reasonable amounts as may be agreed upon by the parties and protecting [Besam] from any workman's compensation or other claim for which [Besam] is not directly and solely liable hereunder.
>       *      *      *
>
> 11. General
>
> G. The construction and performance of this Agreement and the rights and remedies of the parties hereto shall be governed by the law of the State of New Jersey.

Mid-South failed to have Besam named as a co-insured on Mid-South's policy of liability insurance for the 1989-1990 year.

On July 26, 1990, Jordan sustained injuries at a Kroger store when an automatic door closed on her.

**LAW**

The sole issue presented for review is as follows:

Whether the trial court erred in granting Besam's motion for summary judgment on its cross-claim against Mid-South.

The standards governing our review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995); Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991); Foley v. St. Thomas Hosp., 906 S.W.2d 448, 452 (Tenn. Ct. App. 1995); Brenner

3

v. Textron Aerostructures, A Division of Textron, Inc., 874 S.W.2d 579, 582 (Tenn. Ct. App. 1993). Tennessee Rule of Civil Procedure 56.03 provides that summary judgment is appropriate only where: (1) there is no genuine issue of material fact relevant to the claim or defense contained in the motion, and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. Carvell, 900 S.W.2d at 26; Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that the motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991).

While the summary judgment procedure is not a substitute for trial, it goes to the merits of the complaint and should not be taken lightly. Byrd, 847 S.W.2d at 210; Jones v. Home Indem. Ins. Co., 651 S.W.2d 213, 214 (Tenn. 1983); Fowler v. Happy Goodman Family, 575 S.W.2d 496, 498 (Tenn. 1978); Foley, 906 S.W.2d at 452. It has been repeatedly stated by the appellate courts of this state that the purpose of a summary judgment proceeding is not the finding of facts, the resolution of disputed factual issues or the determination of conflicting inferences reasonably to be drawn from the facts. Bellamy v. Federal Express Corp., 749 S.W.2d 31, 33 (Tenn. 1988). Rather, the purpose of summary judgment is to resolve controlling issues of law. Id.

In evaluating the propriety of a motion for summary judgment, we view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. A motion for summary judgment should be granted only when both the facts and the conclusions drawn from the facts permit a reasonable person to reach but one conclusion. Id.

Because the parties agreed in the distributorship agreement that New Jersey law would apply in the construction and performance of the agreement and in assessing the parties' rights and remedies, we will apply New Jersey law to the facts of this case.

One who enters into an agreement to obtain insurance and neglects to fulfill his

obligation becomes himself an insurer and is liable as such. DiPietro v. City of Philadelphia, 496 A.2d 407, 409 (Pa. Super. Ct. 1985). As a general rule, the insurer is obligated to defend an action whenever a complaint alleges a basis of liability within the insured's liability coverage. Burd v. Sussex Mut. Ins. Co., 267 A.2d 7, 9 (N.J. 1970). One purpose of a liability insurance policy is to have the insurer defend suits involving claims which the insurer would have to pay if the claimant prevailed in the action. Id. at 10. The covenant to defend is thus identified with the covenant to pay. Id.

The obligation to defend "groundless, false or fraudulent" claims does not mean that the insurer is obligated to defend claims which are beyond the insured's liability coverage. Id. The obligation to defend means merely that an insurer cannot refuse to defend a suit on the ground that the claim asserted against the insured cannot possibly succeed because either in law or fact there is no basis for a plaintiff's judgment. Id. In sum, an insurer's promise to pay claims within the scope of an insured's liability insurance policy encompasses the obligation to defend those claims. Id.

If the circumstances are such that the scope of coverage and the correlative duty to defend may not be resolved until factual matters surrounding the claim have been determined at trial, the obligation to furnish a defense is transformed to one of reimbursement to the insured. Cooper Lab. v. Int'l Surplus Lines, 802 F.2d 667, 675 (3rd Cir. 1986); See also Burd, 267 A.2d at 9-10.

In the present case, the trial court may find Besam to be directly and solely liable for Plaintiff's injuries. Thus, as Mid-South has argued, the possibility exists that Plaintiff's claim might not be covered by the insurance required by the parties' distributorship agreement. Therefore, because Mid-South's obligation to defend claims which would have been covered by the insurance required by the parties' distributorship agreement does not include an obligation to defend claims beyond the reach of insurance coverage required by the parties' agreement, the trial court's grant of summary judgment in favor of Besam on Besam's cross-claim against Mid-South is premature. Mid-South's corresponding

5

obligation to defend and duty to pay the claims assessed against Besam does not arise until after the trial court determines whether Besam is directly and solely liable for the claims asserted by the Plaintiff. We, therefore, reverse the trial court's order granting summary judgment in favor of Besam on its cross-claim against Mid-South and remand for a determination of whether Besam is directly and solely liable for the claims asserted by the Plaintiff.

The judgment of the trial court is hereby reversed and remanded for a determination of whether Besam is directly and solely liable for the claims asserted by the Plaintiff. Costs on appeal are taxed to Besam for which execution may issue if necessary.

                                                _____

                                                HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
FARMER, J.