IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 15, 2005 Session

## WARREN E. HEATHERLY v. CAMPBELL COUNTY BOARD OF EDUCATION, et al.

Appeal from the Chancery Court for Campbell County
No. 15,826     Billy Joe White, Chancellor

No. E2004-02004-COA-R3-CV - FILED MARCH 10, 2005

The plaintiff in this case was employed as the director of schools for Campbell County, Tennessee, under a contract of employment which was deemed by the defendant Campbell County Board of Education to have terminated after four years.  The plaintiff sued the Board for breach of contract asserting that the contract contained a clause which provided that if the Board took no action by April 15 of each year of the contract to either extend or non-renew, the contract was automatically extended one year.  The plaintiff contended that, in view of this clause and accompanying non-action by the Board, the contract did not terminate upon the expiration of four years, but rather extended beyond that period of time.  The plaintiff alternatively asserted that, pursuant to a prior order of the trial court entered in a matter unrelated to the present case, he was entitled to an annual salary of not less than ten percent below that of the director of schools.  The Board filed a motion for summary judgment requesting a ruling that the automatic extension clause of the contract was invalid and that the contract expired according to its terms.  The Board's motion also requested that the trial court rule that, upon expiration of the contract, the plaintiff enjoys no rights to salary beyond those of a classroom teacher.  The trial court denied the Board's motion with respect to the automatic extension clause, declaring the clause to be valid and enforceable; however, the Board's motion was granted with respect to the matter of the plaintiff's rights to salary granted by the court's prior order.  We hold  that the automatic extension clause is invalid, but that the plaintiff retains those rights granted him under the prior order of the trial court subject to further review by the trial court.  Accordingly, we reverse the judgment of the trial court  and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

David Scott Bennett, Chattanooga, Tennessee and Dail Cantrell, Clinton, Tennessee, for the appellants, Campbell County Board of Education and Jeff Marlow, Campbell County Financial Director.

Michael G. Hatmaker, Jacksboro, Tennessee, for the appellee, Warren E. Heatherly.

**OPINION**

The defendant/appellant in this case is the Campbell County Board of Education (hereinafter "the Board"), which is an elected body responsible for governing the public school system for Campbell County, Tennessee. On January 1, 1999, the plaintiff/appellee, Warren E. Heatherly, entered into an employment contract (hereinafter "the contract") with the Board wherein he was hired to serve as director for the Campbell County school system. The contract includes the following provision pertaining to duration of employment:

> 1. Employment of the Director/<u>Superintendent</u> under this contract shall commence on the first day of January, 1999, and shall extend until the thirty-first day of December, 2002, for a term of four years. On or before April 15 of each year of this contract, the Board may, at its option act to extend this contract for a period not exceeding one year or non-renew this contract upon its expiration on the date herein approved. If no action is taken by the Board by such date, the contract shall automatically be extended one year.

In April of 2001, the Board considered a motion not to extend the contract with Mr. Heatherly; however, this motion did not receive majority support from the Board and failed. In April of 2002, a subsequent motion to extend the contract for an additional year also failed. Thereafter, the Board requested an opinion of the Tennessee Attorney General as to the validity of the automatic extension clause of the above referenced provision of the contract. The Attorney General opined that "a rollover clause that has the effect of extending a contract beyond four years from the effective date of the contract is impermissible." Guided by the Attorney General's opinion, at its meeting on October 10, 2002, the Board agreed by a majority vote that the contract with Mr. Heatherly would be deemed to have expired on December 31, 2002, at which time his employment as director of schools would end.

On December 31, 2002, Mr. Heatherly filed a complaint in the Chancery Court of Campbell County against the Board and Campbell County financial director, Jeff Marlow. The complaint avers that "pursuant to the lawful terms of his contract entered into on January 1, 1999, he has a lawful contract of employment until January 1, 2007" and that the contract was illegally terminated in December of 2002. The complaint also states the following:

> Plaintiff avers that pursuant to prior court rulings he was determined to be a tenured principal at Campbell County High School with a negotiated contract. As a result of said ruling ... he is entitled to placement in the Campbell County School System at 10% below the Director of Schools salary, if his contract is deemed lawfully terminated.

The complaint requests that Mr. Heatherly be paid the value of the contract, "including benefits, calculated for a four year period from January 1, 2003." The complaint additionally requests an award of compensatory and punitive damages and a temporary restraining order to enjoin the Board "from not paying the Plaintiff under his Director's Contract, or alternatively paying the Plaintiff at a rate of 10% below the Director's salary, until such time as he terminates his employment with the Campbell County School System."

On December 30, 2002, the trial court entered a temporary restraining order enjoining the Board and Jeff Marlow from withholding pay to Mr. Heatherly under the contract pending a hearing on his cause of action.

On September 8, 2003, the Board filed a motion for summary judgment and supporting memorandum of law, asserting that the contract with Mr. Heatherly expired by its terms on December 31, 2002, and that the automatic extension clause in the contract is invalid as a matter of law. The Board's motion further asserts that, under the Education Improvement Act of 1999, Mr. Heatherly is not entitled to tenure as a principal and that the Board is not obligated to pay him any more than he might earn as a classroom teacher.

By order entered July 19, 2004, the trial court granted the motion for summary judgment with respect to the issue of tenure, holding that Mr. Heatherly is not entitled to tenure or salary beyond that of a classroom teacher. However, the court decreed the automatic extension clause in the contract to be "valid and enforceable according to its terms" and granted Mr. Heatherly summary judgment *sua sponte* in that regard. Both parties appeal this order.

The following issues are presented for our review:

1) Whether the trial court erred in holding that the automatic extension clause is valid and enforceable.

2) Whether the trial court erred in holding that Mr. Heatherly is not entitled to a salary, commensurate with the position of a tenured principal, in an amount ten per cent below that of the director of schools.

3) Whether the Board's appeal should be dismissed on grounds that the Board did not authorize filing of the appeal by a majority vote of Board members.

The standard by which we review a summary judgment is well settled. Summary judgment proceedings are efficient and effective vehicles for concluding cases that can and should be decided on legal issues alone. However, these proceedings should not serve as a substitute for a trial of genuine and material factual matters. *Byrd v. Hall*, 847 S.W.2d 208, 210-211 (Tenn. 1997); *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988). Summary judgments should be awarded only when the moving party has demonstrated that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law. Tenn. R.Civ.P. 56.04; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W. 2d 23, 26 (Tenn. 1995).

No presumption of correctness attaches to the lower court's judgment and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. We must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in favor of the nonmoving party. *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000).

We further note that the Tennessee Supreme Court has recognized that the scope of a school board's authority to contract with an employee is a question of law and, therefore, subject to *de novo* review with no presumption of correctness. *Arnwine v. Union County Board of Education*, 120 S.W.3d 804, 806 (Tenn. 2003).

The first issue we address is whether the trial court erred in holding that the automatic extension clause of the contract is valid and enforceable. It is our determination that the trial court erred in so holding.

Tenn. Code Ann. § 49-2-203(a)(14)(A) provides in pertinent part that a local school board has a duty to, "[n]otwithstanding any other public or private act to the contrary, employ a director of schools under a written contract of up to four (4) years' duration, which may be renewed." We are not directed to, nor are we otherwise aware of, any authority which allows a local school board to extend the employment of a school director beyond the four years authorized by the statute as the automatic extension clause purports to do in this case. In his brief, Mr. Heatherly appears to indicate that there is no distinction between "renewal" and "extension" in the context of the automatic extension clause - "[t]he contract simply extends or renews by one year annually unless by April 15 of each year the Board votes not to extend or renew." In fact, the subject clause specifically provides for *extension*, not renewal, of the contract. The distinction is critical because, while the statue permits the *renewal* of a director's four year contract, it does not permit the *extension* of such. "Renewal" is defined as "[t]he re-creation of a legal relationship or the replacement of an old contract with a new contract, as opposed to the mere extension of a previous relationship or contract." Black's Law Dictionary, 1299 (7th ed. 1999). Adopting this definition of "renewal", which contemplates "recreation" or "replacement", it is our determination that a renewal of the contract could of necessity not be achieved without affirmative action by the Board. Mere inaction would not suffice to renew the contract.

In this regard, we rely on the ruling in *Southern Constructors, Inc. v. Loudon County Board of Education*, 58 S.W.3d 706 (Tenn. 2001) in which the Court held that Dillon's Rule is properly applied in determining the authority of local school boards. Dillon's Rule is explained by the Supreme Court as follows:

> At its most basic level, Dillon's Rule is a canon of statutory construction that calls for the strict and narrow construction of local governmental authority.

As originally articulated by its author, then Chief Justice John F. Dillon of the Iowa Supreme Court, Dillon's Rule provides the following regarding the nature and scope of municipal government authority:

> In determining the question now made, it must be taken for settled law, that a municipal corporation possesses and can exercise the following powers and no others: First, those granted in express words; second, those necessarily implied or necessarily incident to the powers expressly granted; third, those absolutely essential to the declared objects and purposes of the corporation - - not simply convenient, but indispensable; fourth, any fair doubt as to the existence of a power is resolved by the courts against the corporation - - against the existence of the power.

*Southern Constructors, Inc.,* 58 S.W.3d at 710.

Guided by this rule of construction, we hold that the automatic extension of the employment contract with Mr. Heatherly beyond the specified term of four years was not within the Board's scope of authority.

The next issue we address is whether the trial court erred in holding that Mr. Heatherly is not entitled to a salary commensurate with that of a tenured principal. It is our determination that the trial court erred in so holding.

In support of his position on this issue, Mr. Heatherly relies upon language from an order entered by the trial court on April 15, 1996, in a separate and unrelated cause of action filed against the Board by Mr. Heatherly. In that case, the trial court found that Mr. Heatherly became a tenured principal as of the 1992-1993 school year and ordered that he "receive a salary set at ten per cent (10%) below the Superintendent's salary" and "all other benefits commensurate with the tenured position of Principal at Campbell County High School." Mr. Heatherly contends that, upon a finding that his contract was lawfully terminated, he is entitled to an annual salary not less than ten percent of the director's salary.

The Board argues that the trial court's prior decision finding Mr. Heatherly to be a tenured principal was correct under the law as embodied in the Campbell County Private Tenure Act which was in effect at the time. The Board, however, argues, in accordance with the trial court's final order in the present case, that the Campbell County Private Tenure Act was repealed by implication with Campbell County's 1999 adoption of the Education Improvement Act of 1992 and that, under the latter act, Mr. Heatherly is not entitled to the salary he now requests. In support of this argument, the Board cites *Knox County Education Association v. Knox County Board of Education*, 60 S.W.3d 65 (Tenn. App. 2001). In that case we found that a private tenure act applicable in Knox County and the Education Improvement Act could not be reconciled because they "provide different standards for the employment and tenure of principals" and we ruled that the Knox County private tenure act was, therefore, repealed by implication. *Id.* at 74.

If the tenure rights asserted by Mr. Heatherly derived solely from the earlier private tenure act we would perhaps be compelled to agree that such rights disappeared when the 1992 act was adopted by Campbell County. However, the rights asserted by Mr. Heatherly were granted pursuant to a valid final judgment of the court and as a general rule "[t]he legislature may not by retroactive statute annul, set aside, or impair final judgments or rights therein adjudicated" 16A C.J.S. *Constitutional Law* § 274 (1984). We deem the rights to tenure and salary granted Mr. Heatherly pursuant to the trial court's judgment of April 15, 1996, to be vested rights which he retains despite later contrary legislation. Tenn. Const. art. I § 20 proscribes legislation impairing contractual or vested legal rights. *Dark Tobacco Growers' Co-op. Ass'n v. Dunn*, 266 S.W. 308, 312 (1924). However, while we acknowledge Mr. Heatherly's continuing rights under the prior judgment of the trial court, the record before us contains inadequate information from which we might discern whether Mr. Heatherly currently holds a position of employment which entitles him to an annual salary at ten per cent less than that of the director of schools. Therefore, we find it appropriate to remand the case for further findings regarding Mr. Heatherly's current employment status and for a ruling as to whether Mr. Heatherly is entitled to the salary he requests based upon such findings and the rights granted him under the order of April 15, 1996.

The final issue presented for our review is whether the Board's appeal is subject to dismissal.

Mr. Heatherly contends that the Board's appeal in this case was filed without the authorization of a majority of the Board and is, therefore, subject to dismissal. We decline to address this issue because under Tenn. R. App. P. 13(a) either party may raise any question of law for review and relief and separate appeals are not required. As we have previously noted, both parties filed an appeal in this case. Thus, even if the Board's appeal were to be dismissed, the Board could, as an appellee, raise all of the issues which it has raised as an appellant. We would be addressing the same issues notwithstanding dismissal of the Board's appeal. Accordingly, it is our determination that if there was any error in failing to dismiss the Board's appeal in this case, such error was harmless.

For the reasons stated, we reverse the judgment of the trial court and remand for further proceedings consistent with our opinion herein. Costs of appeal are assessed equally between the Campbell County Board of Education and Warren E. Heatherly.

_____
SHARON G. LEE, JUDGE