IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 28, 2023 Session

## ESTATE OF SUSAN BALLARD ET AL. v. STATE FARM FIRE AND CASUALTY CO.

**Appeal from the Circuit Court for Tipton County**
**No. 7700      A. Blake Neill, Judge**

_____

**No. W2022-01702-COA-R3-CV**

_____

This appeal concerns a breach of contract claim filed by an insured in relation to a homeowner's insurance policy. The insurer filed a motion for summary judgment which the trial court initially denied, having determined that there were issues of material fact in dispute. Upon the filing of a renewed motion for summary judgment accompanied by two affidavits from an employee of the insurer that offered interpretations of the evidence in dispute, the trial court granted the insurer's motion, determining that the affidavits resolved the factual disputes. Because we conclude that there are disputed issues of material fact such that summary judgment should not have been granted, we reverse the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Randall J. Fishman and Richard S. Townley, Memphis, Tennessee, for the appellants, Estate of Susan Ballard and Michael Chad Ballard.

Matthew J. Evans and Charles S. J. Sharrett, Knoxville, Tennessee, for the appellee, State Farm Fire and Casualty Company.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Susan Ballard and her son Michael Ballard ("the Ballards") were parties to a homeowner's insurance contract with State Farm Fire and Casualty Company ("State

Farm"), covering damage or loss to their residence located at 2262 Solo Road in Covington, Tennessee ("the Residence"). Chris Fleming, a local State Farm agent, was the agent identified as managing the Ballards' homeowner's policy. When the Ballards contacted the Fleming State Farm office with questions or concerns, Stephanie Webb, an employee at the Fleming office, communicated with the Ballards and assisted Ms. Ballard with billing issues. The insurance policy covering the Residence provided coverage from February 2018 to February 2019, though it also stated that State Farm could cancel the policy for failure to pay a premium "by notifying you at least 10 days before the cancellation takes effect."

State Farm sent the Ballards a cancellation notice for nonpayment on approximately June 5, 2018. The notice listed June 22, 2018, as the cancellation date for the policy covering the Residence. The Ballards failed to make a payment by June 22, 2018. According to the Ballards, however, Ms. Ballard spoke to Ms. Webb on July 18, 2018, and during the conversation, Ms. Webb promised to backdate the Ballards' coverage back to June 22, 2018, if the Ballards sent a payment by July 20, 2018. Although phone records confirm Ms. Ballard spoke to an individual in the Fleming State Farm office on July 18, 2018, State Farm disputes that anyone in Mr. Fleming's office promised to backdate the Ballards' insurance policy.

On July 19, 2018, a fire rendered the Residence a total loss. As alleged by the Ballards, the following day, July 20, Ms. Ballard called Ms. Webb, reminded her of their conversation from July 18, and made a payment of $223.75. Although Mr. Ballard was not present for the July 18 conversation, he claims he was present for the July 20 conversation and could hear his mother and Ms. Webb clearly. Subsequently, State Farm refused to cover the loss of the Residence, stating that the incident took place after cancellation of the policy covering the Residence but, according to its position, before the policy had been "reinstated."

The Ballards filed suit against State Farm for breach of contract, among other claims not at issue in this appeal. Early in the litigation, Ms. Ballard passed away, and the Estate of Susan Ballard was substituted as a plaintiff. When we are referring in this Opinion to actions that have been taken collectively in this case by the Estate of Susan Ballard and Michael Ballard, we employ the same "the Ballards" reference that is used to collectively refer to Susan and Michael Ballard.

State Farm filed its first motion for summary judgment on September 13, 2021, seeking dismissal of the Ballards' claims. The trial court dismissed all the Ballards' claims against State Farm, except for the breach of contract claim. In denying the motion for summary judgment with respect to the breach of contract claim, the court questioned whether State Farm "had a habit of backdating Plaintiffs' policies in the past once premiums were paid after the cancellation date, thus establishing a course of conduct that Plaintiffs relied upon." To that end, it noted the existence of "disputed issues of material

fact with regard to whether the insurance policy was in effect on July 19, 2018."

In addition to the Ballards' testimony concerning Ms. Webb's promise to backdate their insurance policy, the trial court specifically took stock of several pieces of evidence, including a letter ("the billing letter") State Farm had sent to the Ballards that included the following statement: "[a]mount due is for the premium earned less any deposit premium paid **while the policy was in force from FEB 15 2018 to SEP 22 2018**." (emphasis added). The trial court also referred to diary entries which were produced from State Farm's internal records, which showed a history of late payments by the Ballards.

In relevant part, the trial court observed and held as follows regarding these subjects:

[T]he question is whether the undisputed facts show that no coverage existed on July 19, 2018. And "[w]hen ruling on a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, and disregard all opposing evidence." In light of these principles of law, the court finds that there are disputed issues of material fact with regard to whether the insurance policy was in effect on July 19, 2018. First, the parties dispute the nature of the telephone conversations between the Ballards and Fleming's office on July 18 and 20, specifically whether Fleming's office told the Ballards the policy would be backdated. Second, the parties dispute whether State Farm previously backdated policies for the Ballards, potentially showing a course of conduct upon which the Ballards could rely if a jury believed the Ballards' testimony regarding the disputed telephone conversations. And third, and most importantly since State Farm bears the burden of showing there are no disputed issues of fact, State Farm has failed to explain, either by testimony or affidavit, both the [the billing letter] to the Ballards stating the policy was in force from February 15, 2018, through September 22, 2018, which is an effective period that includes the date of the loss, and the diary notes that, drawing all inferences in favor of the Plaintiffs, could show that State Farm had a practice of backdating [policies]. For these reasons, the court finds that there are disputed issues of material fact as to whether the policy was in effect on the date of the loss, and, therefore, State Farm's Motion is denied on this issue.

(internal citation omitted).

State Farm subsequently filed a renewed motion for summary judgment and, in support of its renewed motion, relied on two affidavits from Ron Payne, "a Section Manager with State Farm Insurance Companies." In his affidavits, Mr. Payne explained his understanding of the diary entries and the billing letter in relation to his knowledge of State Farm policy. As to the diary entries, Mr. Payne alleged that they pertained to

- 3 -

renewals, rather than reinstatements. Furthermore, he alleged that the policy and procedure underlying renewals differs significantly from the procedures associated with reinstatements after nonpayment of premiums. Citing Mr. Payne's testimony, State Farm argued that the discussed diary entries therefore did not support the Ballards' contention that State Farm had a history of backdating the Ballards' policy when it required a reinstatement.

Regarding the billing letter, Mr. Payne alleged that the language "does not signify that the policy was in force for the entirety of this period."

In opposition to State Farm's renewed motion, the Ballards argued that State Farm "has not submitted new facts, but rather its own analysis of previously existing facts" and "now invites the [trial court] to draw inferences in favor of State Farm, the moving party." Characterizing Mr. Payne's testimony as "self-serving," the Ballards contend "it is not necessary to engage in a detailed counter-analysis of Mr. Payne's affidavit[s] because the court must view the evidence in the light most favorable to the non-moving party . . . and must draw all reasonable inferences in that party's favor."

The trial court ultimately granted State Farm's renewed motion for summary judgment and thereby dismissed the Ballards' remaining breach of contract claim. In reaching this holding, the trial court determined that Mr. Payne's affidavits resolved the factual disputes created by the diary entries and the billing letter, concluding that "the undisputed facts show that State Farm did not have a history of backdating the Ballards' insurance policies."[1]

---

[1] As a part of its ruling granting summary judgment, the trial court found that the declaration of Susan Ballard was inadmissible, even though it found the issue "unnecessary to resolve" for the purposes of summary judgment. Although, for the reasons discussed herein, we generally agree with the Ballards' contention that the trial court erred in its disposition of this case, we cannot conclude that the trial court was incorrect in holding that Ms. Ballard's declaration was, itself, inadmissible. As to that specific issue, the trial court was not in error for focusing on the fact that Ms. Ballard was deceased. On appeal, the Ballards appear to place their reliance on the mere fact that, at summary judgment, evidence need not be in an admissible form as presented in the motion, as they note that "Tennessee has long provided that an affidavit is a valid form of evidence at the summary judgment stage . . . ." (Ballards' brief p. 12) Indeed, the Ballards provide the following quote from *Byrd v. Hall*, 847 S.W.2d 208, 215-16 (Tenn. 1993), to state as such: "the facts on which the nonmovant relies must be admissible at the trial but need not be in admissible form as presented in the motion (otherwise an affidavit, for example, would be excluded as hearsay)." We obviously do not reject this premise, but the question begs: how can the contents of Ms. Ballard's declaration be admissible at trial? As this Court has recently emphasized, citing *Byrd*, "A nonmoving party can defeat a summary judgment motion by offering evidence in an inadmissible form, *so long as the evidence can be reduced to an admissible form at trial.*" *Farber v. Nucsafe, Inc.*, No. E2022-00428-COA-R3-CV, 2023 WL 2519411, at *7 (Tenn. Ct. App. Mar. 15, 2023) (emphasis added). Here, Ms. Ballard is deceased, there is no indication she has been deposed, and the Ballards' brief openly acknowledges that Ms. Ballard, "being deceased, is obviously unavailable to testify at trial." (Ballards' brief p. 13) As discussed in this Opinion, however, we conclude that summary judgment is still inappropriate, even in the absence of Ms. Ballard's declaration.

This appeal followed.

## ISSUE PRESENTED

In their appellate brief, the Ballards present the following issue for this Court's review, restated as follows:

I.      Whether the trial court erred in granting State Farm's renewed motion for summary judgment.

## STANDARD OF REVIEW

We review a trial court's order granting a motion for summary judgment de novo with no presumption of correctness. *Thompson v. Memphis City Schools Bd. of Educ.*, 395 S.W.3d 616, 622 (Tenn. 2012). "Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Tenn. R. Civ. P. 56.04).

## DISCUSSION

As an initial point of consideration, we observe that "[i]t is well-established that an insurance policy may be backdated by agreement of the parties." *Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W.3d 758, 768 (Tenn. 2006). Further, we note that "whether an insurance policy has been backdated is largely a question of intent, which itself is a question of fact." *Id.* Importantly, summary judgment "should not be used to resolve factual disputes or to determine the factual inferences that should be drawn from the evidence when those inferences are in dispute." *PacTech, Inc. v. Auto-Owners Ins. Co.*, 292 S.W.3d 1, 5 (Tenn. Ct. App. 2008) (citing *Bellamy v. Fed. Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988)).

Here, the trial court initially denied summary judgment to State Farm, holding, as noted earlier, that there were "disputed issues of material fact with regard to whether the insurance policy was in effect on July 19, 2018." Upon our review of the record, we observe that the additional evidence submitted to support State Farm's renewed motion for summary judgment were the two affidavits of Mr. Payne. Although it appears that these affidavits were of controlling difference in the trial court's opinion, we fail to see how this is the case. At best, these affidavits outline Mr. Payne's personal understanding of State Farm's internal policy and procedure. In other words, these explanations may describe what State Farm *should* convey to an insured individual, but they do not necessarily evidence the actual course of dealing between the Ballards and State Farm.

In turning to the billing letter, which states "[a]mount due is for the premium earned less any deposit premium paid **while the policy was in force from FEB 15 2018 to SEP**

**22 2018**[,]" (emphasis added), we note it could be reasonably read to indicate that the Ballards' policy was in force from February 15, 2018, to September 22, 2018. We acknowledge that Mr. Payne and State Farm allege that the billing letter's language does not indicate, in clear terms, that the policy was in fact in force that entire time. At the same time, though, the billing letter does not indicate that the policy was *not* in force that entire time, and as noted above, it is reasonable to read the billing letter as indicating the policy was in force the entirety of the referenced period. Indeed, we regard the Ballards' allegation that the billing letter confirms the policy was in force on July 20, 2018, to be a fair reading. Not only is it reasonable to read the billing letter as indicating that the policy was in force at the time of the fire at issue, such a reading, of course, is itself consistent with the Ballards' position that their policy was backdated. Because the evidence must be viewed "in a light most favorable to the claims of the nonmoving party, with all reasonable inferences drawn in favor of those claims[,]" we conclude that it was improper for the trial court to determine that Mr. Payne's explanation of the billing letter was conclusive. *Cotten v. Wilson*, 576 S.W.3d 626, 637 (Tenn. 2019) (quoting *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 286 (Tenn. 2015) (Wade G., concurring in part)).

As to Mr. Payne's explanation of the diary entries, he alleged that the entries in question referred to renewals, rather than reinstatements, and therefore, were not supportive of the Ballards' position. Similar to its disposition concerning the billing letter, the trial court relied upon Mr. Payne's interpretation of the diary entries to resolve an issue of fact. This is inappropriate at summary judgment, and it reflects that the court did not resolve all inferences in favor of the non-moving party. As it is, there is evidence in the record that demonstrates a course of conduct that supports the Ballards' alleged belief that making a late premium payment would backdate their insurance coverage, without a lapse in coverage. *See Ellis-Jones Drug Co. v. Home Ins. Co.*, 12 S.W.2d 707, 708 (Tenn. 1929) (discussing how the course of conduct between particular parties can operate to change the terms of a contract).

For example, in his deposition, Mr. Ballard testified that State Farm had previously backdated policies when premium payments were late. Furthermore, from Ms. Webb's deposition, we observe that Ms. Ballard "was late a lot" when making her insurance payments. In light of the available testimony, we conclude that a genuine issue of disputed material fact exists as to whether State Farm had a history of accepting late payments in exchange for keeping the Ballards' insurance policy in force.

In resolving this appeal, there is one statement by the trial court that is deserving of particular attention in our view, as it shows that the trial court failed to properly heed the summary judgment standard. In essence, the trial court accredited the affidavit testimony of Mr. Payne to resolve the disputes it had previously concluded, in its initial summary judgment ruling, existed in light of the other evidence discussed herein. Specifically, we note that the trial court determined that the Ballards' argument failed "because the undisputed facts show that State Farm did not have a history of backdating the Ballards'

insurance policies." Respectfully, we fail to see how the trial court could have reached this conclusion when there was testimony from Mr. Ballard directly to the contrary. We acknowledge that Mr. Payne's affidavits contradict the Ballards' representation of their previous dealings with State Farm, but to rule that Mr. Payne's interpretation resolves the dispute is akin to drawing all inferences in favor of State Farm, rather than the Ballards as non-movants. Yet, it appears this is what the trial court did, even noting, in apparent reference to Mr. Payne's affidavits, that "State Farm has now resolved the[] disputed facts." Perhaps a trier of fact would accredit Mr. Payne, but in light of our discussion herein, we conclude that the trial court erred in granting summary judgment to State Farm based upon its reliance on Mr. Payne's affidavits. It is simply inaccurate to conclude, as the trial court did, that "the undisputed facts show that State Farm did not have a history of backdating the Ballards' insurance policies."

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed. We remand to the trial court for further proceedings consistent with this Opinion.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE