Annie **ROBERTS**, Plaintiff/Appellant,

v.

Edith **ROBERTS**, Defendant/Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 28, 1992.

Application for Permission to Appeal
Denied by Supreme Court
Jan. 7, 1992.

Patrick Johnson, Bagwell, Bagwell, Parker, Riggins and Kennedy, Nashville, for plaintiff-appellant.

Thomas F. Mink, II, William W. Leech, Parker, Mink & Jones, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

Plaintiff, Annie Roberts, filed her complaint seeking damages for injuries she suffered after she was hit by a falling tree located on the defendant, Edith Roberts', property.

Plaintiff has appealed from the trial court's granting of defendant's motion for summary judgment.

■ Summary judgments are an efficient means to conclude cases that can be disposed of on legal issues alone. *Bellamy v. Federal Express Corp.*, 749 S.W.2d 31, 33 (Tenn.1988); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547, 550 (Tenn. 1981). While they are not substitutes for trials of disputed factual issues, *Jones v. Home Indemnity Ins. Co.*, 651 S.W.2d 213, 214 (Tenn.1983), summary judgments go to the merits of the complaint and should not be taken lightly. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978).

■ No presumption of correctness attaches to decisions granting summary judgment because they involve only questions of law. Thus, on appeal we must make a fresh determination concerning whether or not the requirements of Tennessee Rule of Civil Procedure 56 have been met. *Hill v. City of Chattanooga*, 533 S.W.2d 311, 312 (Tenn.App.1975). In doing so we must consider the pleadings and the evidentiary materials in the light most favorable to the movant's opponent and we must draw all reasonable inferences in the opponent's favor. *Blocker v. Regional Medical Center*, 722 S.W.2d 660 (Tenn.1987); *Poore v. Magnavox Co.*, 666 S.W.2d 48, 49 (Tenn.1984).

■ In determining whether or not a genuine issue of fact exists in a summary judgment case, we must look at all the evidence, take the strongest legitimate view of it in favor of the opponent of the

motion, allow all reasonable inferences from it in opponent's favor, discard all countervailing evidence and if then, there is any dispute as to any material determinative evidence or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied. See *Phillips v. Pittsburgh Consolidated Coal Co.,* 541 S.W.2d 411, 413 (Tenn.1976); Tenn.R.Civ.P. 56.03.

The evidence before the trial court in this case was in the form of depositions of both plaintiff and defendant.

The evidence shows that the plaintiff is a daughter-in-law of the defendant and that they are also neighbors. On 9 April 1991, a storm was approaching and the plaintiff, fearing for the defendant's safety, walked to defendant's house to warn her of the storm and to tell defendant that she should stay in the house until after the storm had passed. As plaintiff was returning to her home, a tree on defendant's property fell and landed between the homes of plaintiff and defendant. A portion of the tree struck plaintiff causing her serious personal injuries.

The evidence shows that on at least two separate occasions prior to 9 April 1991, branches had fallen off the tree because the tree was rotten. During the three years preceding the falling of the tree, defendant had some five discussions concerning the need to cut down the tree. The record also shows that the plaintiff Annie Roberts had actual knowledge of the dangerous condition of the tree. Plaintiff had been present on a number of occasions when her mother-in-law, her husband, and her brother-in-law had discussions about cutting the tree down.

Plaintiff admits in her deposition that she knew about the limbs falling from the tree because the tree was rotten, that she had talked to her mother-in-law about the tree and on one occasion had said: "Mother, you should get that tree either topped or cut because it's going to fall on the greenhouse and break it down." Plaintiff was asked if the tree was dangerous, and she answered: "It was dangerous. Yes, it was dangerous."

Possessors of land are not insurers of the safety of those who enter upon their land. "The proprietor will not be held liable if the dangerous or defective condition is obvious, reasonably apparent, or as well known to the invitee as to the owner." *McCormick v. Waters,* 594 S.W.2d 385, 387 (Tenn.1980). The Court, in *McCormick,* cited the case of *Illinois Central Railroad Co. v. Nichols,* 173 Tenn. 602, 118 S.W.2d 213, 217 (1937). The *Nichols* Court stated as follows:

> It is unnecessary to cite authority for the proposition that mere ownership or occupancy of premises, here a car, does not render one liable for injuries to persons entering them; the owner is not an insurer, even when the visitor is an invitee. Liability is grounded on the superior knowledge of the owner of the danger to the invitee. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted.

*Id.* 118 S.W.2d at 217.

We are of the opinion that nothing in *Hudson v. Gaitan,* 675 S.W.2d 699 (Tenn. 1984), abolished this fundamental principle of premises liability. *Hudson* did abolish the previous distinctions between an invitee and a licensee.

In *Gentry v. Pauletto,* 1991 WL 46693 (Tenn.App. at Knoxville, 8 April 1991) (no permission to appeal requested), this Court reaffirmed the principle that a plaintiff cannot recover for injuries which are caused by a dangerous condition of which the plaintiff is aware. In *Gentry,* this Court affirmed summary judgment in favor of the defendant homeowners in an action filed by their maid who had fallen down steps in the defendants' home. This Court stated: "Even if the defendant created the dangerous condition or had constructive notice of the hazard proximately causing plaintiff's injury, if the plaintiff had equal or superior knowledge of the condition which caused the fall, the defendant would not be liable for injuries sustained by the [plaintiff]." *Gentry* at 3.

Here, the evidence is that plaintiff Annie Roberts knew for a period of at least three years prior to the accident that the tree was dangerous and could very well fall in the area in which she was moving following the storm.

A dangerous condition may vary with the facts of each case. See *O'Brien v. Smith Brothers Engine Rebuilders, Inc.,* 494 S.W.2d 787 (Tenn.App.1973) (pool of oil); *Odum v. Haynes,* 494 S.W.2d 795 (Tenn. App.1972) (power lines); *McCormick v. Waters,* 594 S.W.2d 385 (Tenn.1980) (collapse of a dangerous barn loft); *Kendall Oil Co. v. Payne,* 41 Tenn App. 201, 293 S.W.2d 40 (1955) (slick concrete surface covered with soap and water). However, regardless of the condition, if the plaintiff has equal or superior knowledge of the condition as compared to the defendant, the plaintiff will not be allowed to recover.

The evidence here shows that the plaintiff had equal, if not superior, knowledge of the dangerous condition.

The judgment of the trial court is affirmed with costs of appeal assessed to the plaintiff-appellant and the cause remanded to the trial court for the collection of costs and for any further necessary proceedings.

TODD, P.J., and CANTRELL, J., concur.