EVELYN JUNE THOMASON,           )
                               )
        Plaintiff/Appellant,    )
                               )        Davidson Third Circuit
                               )        No.  94C-3358
VS.                            )
                               )        Appeal No.
                               )        01-A-01-9602-CV-00067
THE METROPOLITAN GOVERNMENT     )
OF NASHVILLE AND DAVIDSON        )
COUNTY,                         )
                               )
        Defendant/Appellee.     )

FILED

July 3, 1996

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE THIRD CIRCUIT COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE BARBARA N. HAYNES, JUDGE


ROBERT J. NOTESTINE, III
104 Woodmont Blvd.
Suite 115
Nashville, Tennessee 37205
ATTORNEY FOR PLAINTIFF/APPELLANT


The Department of Law of the
Metropolitan Government of
Nashville and Davidson County

JAMES L. MURPHY, III
Director of Law

WARREN A. JASPER
Metropolitan Attorney
204 Metropolitan Courthouse
Nashville, Tennessee 37201
FOR DEFENDANT/APPELLEE


REVERSED AND REMANDED

                          HENRY F. TODD
                          PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

EVELYN JUNE THOMASON,    )
              )
   Plaintiff/Appellant,   )
              )  Davidson Third Circuit
              )  No.  94C-3358
VS.           )
              )  Appeal No.
              )  01-A-01-9602-CV-00067
THE METROPOLITAN GOVERNMENT )
OF NASHVILLE AND DAVIDSON   )
COUNTY,         )
              )
   Defendant/Appellee.   )

## O P I N I O N

The plaintiff, Evelyn June Thomason, has appealed from a summary judgment dismissing her suit against the defendant, Metropolitan Government of Nashville and Davidson County, Tennessee, for personal injuries sustained in a fall on the premises of the Lentz Health Center, a facility owned and managed by the defendant.

The complaint, as amended, alleged that, in an attempt to enter the building of the Lentz Health Center she walked on an unlighted driveway and was caused to fall by a "speed bump" in the driveway.  The defendant was alleged to be negligent by failing to illuminate the driveway for use after dark.

The defendant filed the following motion to dismiss:

> Comes the defendant, the Metropolitan Government of Nashville and Davidson County, and moves this Honorable Court to dismiss the Amended Complaint filed against it.  As grounds, the defendant states that the Amended Complaint fails to state a claim upon which relief can be granted.  Tennessee Rules of Civil Procedure, No. 12.02(6).  The defendant relies upon the attached Affidavit and Memorandum of Law in support of its motion.

The supporting affidavit stated:

> . . . 2. The driveway in which the plaintiff tripped is one way for vehicles.  The driveway has no space assigned for pedestrian travel.  The driveway is designed for use by vehicles only.

3. The lighting in the area was adequate for vehicles entering the breezeway to park at the health center.

4. All signs, safety and warning devices wee placed in contemplation of vehicles entering the parking area from the prescribed direction.

5. At the point of the speed bump, there is no lighting device or fixture. All lighting fixtures are placed under the breezeway for parking and were adequate for parking under the breezeway.

6. The Metropolitan Government received no complaints or advance notice that the speed bump, where the plaintiff tripped, constituted any danger to vehicles or pedestrians. There were no complaints regarding the lighting in this area for the one year period preceding the plaintiff's accident.

Plaintiff's responsive affidavit contained the following:

. . . 2. I tripped over a speed bump in the driveway of the Center which was not marked or painted to distinguish it from the smooth asphalt pavement around it.

3. The area surrounding the speed bump was unlighted and since the accident occurred in the evening, the speed bump could not be seen.

4. I was forced to park in the rear of the Health Center due to the fact that all side parking was reserved by permit only for Health Center personnel. Therefore, the defendant in this case knew visitors had to park in the unlighted rear of the Health Center.

5. Further, the defendant in this case had promulgated a policy of allowing night visitors to enter the building through the front door only, thereby forcing me, and others, to walk in the unlighted driveway to the front of the building.

Defendant filed a further affidavit stating;

. . .      3. The normal operating hours of the Health Center on January 6, 1994 were 8:00 a.m. until 8:00 p.m.

4. On January 6, 1994, it was the policy of the Health Department that all entrances to the Health Center be unlocked to allow entry into the Health Center from all parking areas from 6:30 a.m. until 8:00 p.m.

5. There was no policy in place on January 6, 1994 forcing anyone to use the front entrance to the Health Center or to utilize any particular pathway to gain entry to the exclusion of the available entrances or pathways.

6. There were no allegations prior to January 6, 1994, that any policy promulgated by me regarding building hours or permitted access created a dangerous condition or hazard.

7. There are sidewalks provided on all sides of the Health Center providing access for pedestrian to the Health Center.

8. There were no complaints one year prior to January 6, 1994 regrading inadequate lighting in any of the parking areas at the Health Center.

The Trial Judge entered an order stating:

. . .     1. There was no dangerous, defective, or unsafe condition justifying suit against Metro under the Tennessee Governmental Tort Liability Act pursuant to T.C.A. § 29-20-203(a).

2. Metro did not have notice of a dangerous, defective, or unsafe condition as required by the Tennessee Governmental Tort Liability Act pursuant to T.C.A. § 29-20-203(b) assuming such a condition existed.

3. Because a dangerous, defective, or unsafe condition and notice thereof are required before Metro can be held liable for the injuries alleged to have been suffered by plaintiff, plaintiff has failed to meet her burden under the Tennessee Governmental Tort Liability Act.

It is, therefore, ORDERED, ADJUDGED and DECREED that this cause be and the same is hereby dismissed, with costs taxed to the plaintiff.

The sole issue on appeal is whether the Trial Court erred in the summary dismissal of plaintiff's suit.

Where evidence is presented to and considered by the Trial Court, a motion to dismiss may be considered a motion for summary judgment. T.R.C.P. Rule 12.02.

The party seeking a summary judgment has the burden of presenting evidence of facts which, if not contradicted, entitled that party to judgment as a matter of law. *Byrd v. Hall,* Tenn. 1993, 847 S.W.2d 1993.

No presumption of correctness attaches to summary judgments which are decisions of law and not of facts. *Roberts v Roberts,* Tenn. App. 1993, 845 S.W.2d 225.

Plaintiff's right to recover rests upon an unlighted access to a public building, locked doors requiring motorists to walk a dark driveway to the only unlocked entrance, and an unmarked "bump" in the driveway. Examination of the evidence offered by defendant fails to disclose any uncontradicted evidence denying the existence of these three conditions.

The motion to dismiss merely states that the complaint fails to state grounds for relief. The complaint does state grounds for relief.

The affidavit attached to the motion does not deny the allegations of the complaint, but asserts other facts which might relieve the defendant of liability as a matter of law if uncontradicted. However, plaintiff's responsive affidavit clarified and specified the reasons why the affidavit presented by defendant did not present a defense which was conclusive as a matter of law.

Prior notice of the dangerous condition was not necessary if, as alleged by plaintiff, the conditions were rendered dangerous by the closure of access to the building from the parking lot which required plaintiff to walk around the building on the driveway in the dark. A map of the area attached to plaintiff's affidavit illustrates the situation confronting plaintiff when she found a side entrance locked and she was forced to walk in the driveway where there was no sidewalk. A copy of this drawing is appended to this opinion. A notation on the drawing identifies the locked access door which forced plaintiff to use the driveway to reach the only unlocked door.

Defendant relies upon evidence that policies of defendant required all entrances to be open. This is not a conclusive response to plaintiff's allegation that at least one entrance was

locked. Plaintiff's right to recovery is not based upon a policy of defendant, but upon an alleged negligent violation of that policy by an employee of defendant in locking a door which should have been left unlocked.

Defendant presented evidence that there were sidewalks on all sides of the building, but there is no evidence that the sidewalks were continuous. Moreover, plaintiff's affidavit and exhibit are evidence that there was no sidewalk at the point where she was injured.

The summary judgment in favor of defendant is reversed and vacated. Costs of this appeal are taxed against the defendant. The cause is remanded to the Trial Court for further proceedings.

Reversed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE