THOMAS W. HUNTER,                    )
                                     )
        Plaintiff/Appellant,         )
                                     )        Appeal No.
                                     )        01-A-01-9701-CV-00024
VS.                                  )
                                     )        Sumner Circuit
                                     )        No. 14826-C
JAMES R. ANDERSON,                   )
                                     )
        Defendant/Appellee.          )

FILED

June 18, 1997

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE THOMAS GOODALL, JUDGE



WILLIAM C. BARNES, JR.
13-14 Public Square
Post Office Box 552
Columbia, Tennessee 38402
        Attorney for Plaintiff/Appellant

C. L. ROGERS
ROGERS & MOORE
119 Court Square
Gallatin, Tennessee 37066
        Attorney for Defendant/Appellee




REVERSED AND REMANDED




                              BEN H. CANTRELL, JUDGE


CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

The trial court granted the defendant a summary judgment on the basis of accord and satisfaction. On appeal, the plaintiff claimed that there had been no accord and satisfaction because he did not agree to finalize the settlement his attorney worked out for him. We reverse the trial court, because there appear to be questions of material fact as to whether the attorney had the authority to settle on behalf of his client, and if he did not, as to whether the plaintiff himself accepted the settlement before changing his mind.

## I.

Thomas W. Hunter was injured when his car was struck from behind by a car driven by James R. Anderson. Mr. Anderson's insurance company paid Mr. Hunter's medical bills and initiated negotiations to settle the claim. Mr. Hunter's attorney agreed to a $2,500 settlement on behalf of his client, and the insurance company executed a check for that amount. The check and release form were presented to Mr. Hunter, but he refused to sign the release, and he subsequently filed suit against Mr. Anderson.

The defendant answered, claiming that the plaintiff had accepted the settlement offer, thus creating an enforceable contract despite his subsequent refusal to put his signature on the agreement. The defendant then filed a Motion for Summary Judgment, asking the court to dismiss the plaintiff's action on the basis of the affirmative defense of accord and satisfaction, or in the alternative to compel the plaintiff to return the money. No supporting affidavit was attached to the motion.

The plaintiff's attorney filed a response to the motion on March 13, 1996, to which he attached his own affidavit, which reads as follows:

**A F F I D A V I T**

After being duly sworn William C. Barnes, Jr. disposes (sic) and states as follows:

1. I am a licensed attorney in the State of Tennessee.

2. I am representing the plaintiff in the above reference (sic) matter.

3. Settlement negotiations were carried on between myself and the Defendants.

4. The Defendants paid seven hundred and twenty six dollars and ten cents ($726.10) towards the medical's (sic) prior to any negotiations.

5. The Defendants forwarded an offer of two thousand five hundred dollars ($2,500) in settlement of claim. Said offer was rejected and funds were returned.

Further affiant saith not.

After a hearing, the trial court granted the defendant's motion, holding that he "is entitled to a judgment of dismissal as a matter of law based upon accord and satisfaction or contract of settlement." No transcript was made of the hearing, but the record includes a Statement of the Evidence, which was authenticated by the judge. It reads in its entirety:

**STATEMENT OF EVIDENCE**

Pursuant to T.R.A.P. 24(d), the following Statement of the Evidence is hereby submitted by Appellee:

1. At the hearing on March 22, 1996 for Summary Judgment, Counsel for Plaintiff orally stated to the Court that Plaintiff had accepted the settlement agreement but then refused to endorse the check and release when presented, stating he had changed his mind.

2. The settlement monies had not been returned to the Defendant as of March 22, 1996.

The foregoing is certified as an accurate account of the proceedings before the trial court on March 22, 1996, in addition to the record.

**II.**

A party moving for summary judgment carries the burden of proving that no genuine issue of material fact exists. In ruling on the motion, the trial court must view the evidence in the light most favorable to the opponent of the motion, and must deny the motion if, when viewed in that light, the record reveals any genuine issue of material fact. *Taylor v. Nashville Banner Publishing Co.*, 573 S.W.2d 476 (Tenn. App. 1978). No presumption of correctness attaches on appeal to a trial court's action in granting summary judgment, because it involves only questions of law. *Gonzales v. Alman Constuction Co.,* 857 S.W.2d 42 (Tenn. App. 1993); *Roberts v. Roberts*, 845 S.W.2d 225 (Tenn. App. 1992).

In the present case, the moving party failed to submit any affidavits to indicate that Mr. Barnes was authorized to accept an offer on behalf of his client. The affidavit of Mr. Barnes implies that his agency extended only to communicating the offer to his client, not to settling on his behalf. This appears to raise an issue of fact that would be material unless it could be conclusively shown that Mr. Hunter himself accepted the defendant's offer.

The Statement of the Evidence indicates that Mr. Barnes admitted that his client accepted the offer when it was first presented to him, but we note that Mr. Barnes did not sign the statement. His purported admission also raises the question as to whom an acceptance must be communicated in order to bind the offeree. The editors of Am. Jur. 2d state that "[m]utual assent which is essential to the formation of a binding contract must be manifested by one party to the other." 17A Am. Jur. 2d *Contracts* § 28 (1991).

There also appears to be a possible dispute as to whether the plaintiff had returned the check that was given to him. Mr. Barnes's affidavit states that "the

funds were returned," while the Statement of the Evidence reported that "the settlement moneys had not been returned to the Defendant as of March 22, 1996." There is no indication in the Statement of the Evidence as to what evidence the court relied upon to reach that conclusion.

It is possible that the defendant could have proven that he was entitled to a summary judgment if the facts had been more fully presented at this early stage of the proceedings. But we are unable to affirm the trial court where so many dispositive questions appear to be either disputed or unaddressed.

### III.

We believe that the defendant failed to carry the burden that was required in order for him to prevail on his Motion for Summary Judgment. The judgment of the trial court is reversed. Remand this cause to the Circuit Court of Sumner County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE