JAMES E. COLLINS,                       )
                                        )     Davidson Chancery
        Plaintiff/Appellant,            )     No. 97-598-III
                                        )
VS.                                     )
                                        )
TENNESSEE DEPARTMENT OF                 )     Appeal No.
CORRECTION,                             )     01A01-9709-CH-00558
                                        )
        Defendant/Appellee.             )

FILED

July 1, 1998

Cecil W. Crowson
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

HONORABLE ELLEN HOBBS LYLE, CHANCELLOR


James E. Collins, #83465
R.M.S.I. Unit 6-A-226
7475 Cockrill Bend Road
Nashville, Tennessee 37209-1010
PRO SE/ PLAINTIFF/APPELLANT


John R. Miles, #013346
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
ATTORNEY FOR DEFENDANT /APPELLEE


MODIFIED, AFFIRMED AND REMANDED


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| JAMES E. COLLINS, | ) | |
| | ) | **Davidson Chancery** |
| Plaintiff/Appellant, | ) | **No. 97-598-III** |
| | ) | |
| VS. | ) | |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | **Appeal No.** |
| CORRECTION, | ) | **01A01-9709-CH-00558** |
| | ) | |
| Defendant/Appellee. | ) | |

# <u>O P I N I O N</u>

The captioned appellant is a prisoner in the punitive custody of the Tennessee Department of Correction. On February 19, 1997, he filed in the Trial Court a petition for declaratory judgment alleging that on November 16, 1996, he filed with the Department a petition for a declaratory order correcting an erroneous entry showing two life sentences which have been merged.

The Department moved for summary judgment supported by affidavit of a Sentencing Analyst of the Department stating:

> 3. Mr. Collins is currently serving three concurrent life sentences based upon three felony convictions.
>
> 4. Mr. Collins was convicted of First Degree Murder in Cocke Co. Circuit Case No. 3450. He was sentenced to life imprisonment for this offense upon a plea of guilty entered on April 24, 1978. A copy of the Judgment Order in this case is attached as Exhibit A.
>
> 5. Mr. Collins was also charged with three offenses of Grand Larceny, Receiving Stolen Property and Concealing Stolen Property in Hamblen County Case No. 78-CR-371. A copy of the indictment in this case is attached as Exhibit B.
>
> 6. Mr. Collins pled guilty to Grand Larceny in Hamblen Co. Case No. 78-CR-371 and was sentence to three years to be served concurrently with Hamblen Co. Case No. 78-CR-381. A copy of the Judgment Order in this case is attached as Exhibit C. TDOC records indicate that Mr. Collins fully expired his sentence for Grand Larceny in Hamblen Co. Case No. 78-CR-371 on January 12, 1981.

7. Mr. Collins was also charged with the two offenses of First Degree Murder and Armed Robbery in Hamblen Co. Case No. 78-CR-381. A copy of the indictment in this case is attached as Exhibit D.

8. Mr. Collins pled guilty to both offenses for which he was indicted in Hamblen Co. Case No. 78-CR-381 and received life imprisonment on these two convictions. A copy of the Judgment Order in this case is attached as Exhibit E and it makes no reference indicating that the two guilty pleas are merged for purposes of sentencing.

9. Because First Degree Murder and Armed Robbery are separate offenses, TDOC records reflect that Mr. Collins is serving a life sentence for each of the two guilty pleas in Hamblen Co. Case No. 78-CR-381.

10. TDOC records reflect that Mr. Collins' sentences in Cocke Co. Circuit Case No. 3450 and in Hamblen Co. Case No. 78-CR-381 are all concurrent with each other, and the sentence effective date for all of these offenses is recorded as January 12, 1978.

11. Although TDOC records reflect that Mr. Collins is serving three life sentences, because they are concurrent, the sentence calculation is the same as if he were only serving one life sentence.

12. At the time of his convictions, Mr. Collins was required to serve thirty full calendar years on a life sentence before becoming eligible for parole. A life sentence has no expiration date.

13. In 1986, Mr. Collins signed a sentence credit waiver under Tennessee Code Annotated § 41-21-236. This allowed him to earn sentence reduction credits to bring his release eligibility date closer to the present.

14. Currently, Mr. Collins has reduced his release eligibility date to January 23, 2002.

Appellant filed his responsive affidavit which is composed entirely of argument except that it states:

15) Affiant states whether he is serving one (1), two (2) of three (3) life sentences although if concurrent still prejudices him due to it keeps him from obtaining a lower security classification status when all other inmates enjoy this same thing, it also prejudices him regarding his job opportunities in that he will be denied such with an extra life sentence on his record when it shouldn't be there, and it also prejudices him regarding a possible release from prison, due to his present date of eligibility is not a for sure thing, and to have extra sentences on your record when they shouldn't be

-3-

will reflect badly upon him when the board reviews him for possible release in the near future, anyone who is incarcerated does not want charges and sentences on his record that don't belong there, if that was the case, why do our Court's have dismissals of cases at times if they don't prejudice you, why do we have an expungment statute? If they don't hurt you, why shouldn't we just pass a few charges around to people to have on their record regardless of what the Court stated, just for the heck of it? That would not be justice, thats the one thing I am attempting to seek at this time, is justice.

The Trial Court entered summary judgment stating:

> In sum, then, the petitioner disputes Ms. Whisman's testimony that he is serving three life sentences; he contends he is serving just one. But what is critical in this case is what effect, if any, the dispute on characterizing the petition as serving one life sentence or three being served concurrently has on parole eligibility. Ms. Whitman establishes that it has no effect. The petitioner has failed to provide this Court with legal authority or genuine issues of material fact to counter Ms. Whisman's testimony. The Court determines that the petitioner's assertions in response to Ms. Whitman's affidavit merely query her affidavit and are not sufficient to establish genuine issues of material fact.

> It is therefore ORDERED that the respondent's motion of summary judgment is granted. In that the petitioner has qualified to proceed as a pauper, the Court assesses only state litigation tax.

A party moving for summary judgment must support the motion with admissible evidence which, if uncontradicted, entitled that party to summary judgment as a matter of law. TRCP Rule 56.

When such a motion and evidence has been filed by the moving party, the opponent of the motion must file evidence contradicting the evidence offered by the moving party. If the opponent of the motion fails to respond as required by Rule 56.06, a summary judgment is proper. *Roberts v. Roberts*, Tenn. App. 1992, 845 S.W.2d 225.

In the present case the appellant filed no evidence to contradict that offered by the Department that the Department records conform to the judgments of the Trial Court's. Therefore, summary judgment was proper. This Court finds no grounds for waiver of costs.

-4-

The judgment of the Trial Court is modified to provide that all costs accured in the Trial Court shall be paid by the petitioner. As modified, the judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for further appropriate proceedings.

**MODIFIED, AFFIRMED AND REMANDED**.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE