INFINITY ENTERTAINMENT CORP,, )
formerly OLYMPUS ENTERTAINMENT,)
INC., and RICCI MARENO, Individually, )
                         )  Davidson Chancery
      Plaintiffs/Appellants,       )  No.  95-2932-III
                         )
VS.                        )
                         )
DAVID SUTTON, Individually and     )  Appeal No.
d/b/a DAVID SUTTON MUSIC,       )  01A01-9712-CH-00722
TIM HADLER a/k/a TIMOTHY       )
MICHAEL HADLER, ANGELA SAVAGE)
HADALLER, and MARK BERNARD    )
a/k/a) ZYLER BEA,            )
                         )
      Defendants/Appellees.       )



FILED

**July 29, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

Franklin D. Brabson, Esq., #3890
2806 Natchez Trace
Nashville, Tennessee 37212
ATTORNEY FOR PLAINTIFFS/APPELLANTS


James H. Harris, III, #2731
49 Music Square West, Suite 600
Nashville, Tennessee 37203
ATTORNEY FOR JIM HADLER/DEFENDANTS/APPELLEES

Joe T. Childress, #9929
300 James Robertson Parkway, Second Floor
Nashville, Tennessee 37201
ATTORNEY FOR DAVID SUTTON/DEFENDANT/APPELLEE

### AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:
WILLIAM C. KOCH, JR., JUDGE
WILLIAM B. CAIN, JUDGE

| | |
|---|---|
| **INFINITY ENTERTAINMENT CORP,,** ) | |
| **formerly OLYMPUS ENTERTAINMENT,**) | |
| **INC., and RICCI MARENO, Individually,** ) | |
| ) | **Davidson Chancery** |
| **Plaintiffs/Appellants,** ) | **No.  95-2932-III** |
| ) | |
| **VS.** ) | |
| ) | |
| **DAVID SUTTON, Individually and** ) | **Appeal No.** |
| **D/b/a DAVID SUTTON MUSIC,** ) | **01A01-9712-CH-00722** |
| **TIM HADLER a/k/a TIMOTHY** ) | |
| **MICHAEL HADLER, ANGELA SAVAGE**) | |
| **HADALLER, and MARK BERNARD** ) | |
| **a/k/a) ZYLER BEA,** ) | |
| ) | |
| **Defendants/Appellees.** ) | |

# O P I N I O N

The captioned plaintiffs have filed successive notices of appeal from successive summary

judgment dismissing all defendants.

On September 21, 1995, plaintiffs filed their complaint alleging in substance the

following:

> 1.      This is a complaint for injunctive relief and for damages. Count I states a claim for breach of contract. Count II for statutory inducement for breach of contract, Count III for common law inducement for breach of contract, Count IV for civil conspiracy and Count V for injunctive relief.

> 5.      Infinity Entertainment Corporation formerly known as Olympus Entertainment, inc. is in the music and entertainment business, including, but not limited to, song writing, publishing and the promotion of artists and of the artists' activities and assisting its artists in all ways in connection with their careers.

> 8.      From September of 1993 Tim Hadler a/k/a Timothy Michael Hadaller signed an Exclusive Management Agreement for one year with three pone year options with Olympus as per Exhibit "A" attached hereto. Hadler was a new comer and unknown artist. In October of 1993, Hadler signed an Exclusive Writers Agreement (Exhibit "B") and a Production Agreement (Exhibit "C").

10. During July and August of 1995, Hadler initiated a scheme whereby he would negotiate a release under the pretense of leaving the music business to return to his home in the state of Washington. On a prior occasion in 1994 Hadler attempted to raise personal promotion funds for himself by plotting with a potential Mississippi investor to send funds to his father who would then relay the money to Hadler.

13. Upon information and belief, Hadler received $25,000.00 from Sutton on August 29, 1995 which he deposited in his personal account at First Union Bank and obtained a $25,000.00 cashiers check to pay for his conditional release. David Sutton provided these funds to Hadler to procure the breach.

15. Songwriter Mark Bernard has breached his Exclusive Writers Agreement dated February 6, 1995 (Exhibit "E") by obtaining funding from David Sutton to cut several demos at Javelina Studios. Sutton paid the expenses by check to the studio and paid the musicians on the session by cash.

On October 23, 1995, Mark Bernard filed the following answer:

I was an exclusive writer with the Infinity Entertainment Corporation. Infinity and I had some differences for several months and when David Sutton offered to finance some demos and help me financially, I accepted.

I told Mr. Sutton that I wasn't really sure whether or not I was still under contract with Infinity but he didn't seem to be concerned about it. He was going to pay for the demos, hep me some financially, and get one-half of the publishing rights on the songs demoed.

I didn't think Infinity would care - but obviously they do.

On December 5, 1995, Tim and Angela Hadaller filed their answer stating:

8. With respect to the allegations contained in paragraph 8 of the complaint, Defendant Tim Hadler admits that he signed the agreements identified as Exhibits A, B, and C to the complaint.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs are estopped from asserting their claims against these Defendants because they released Defendant Tim Hadler from all contractual obligations to Plaintiffs and

accepted as consideration for their release payment from these Defendants in the amount of $25,000.00.

3.    Plaintiffs have received accord and satisfaction in that they accepted the sum of $25,000.00 as consideration for their release of Tim Hadler from all contractual obligations to Plaintiffs.

Otherwise, said defendants denied the allegations of the complaint.

On December 13, 1995, David Sutton filed his answer stating:

15.    Defendant admits that he paid the studio and musician expenses and met with Mark Bernard and Thomas E. Stewart, Attorney at Law, as stated in Paragraph 15.

17.    Defendant admits that he was award that Tim Hadler and Mark Bernard had contractual relationships with one or more of the Plaintiffs.

Otherwise, said defendants denied all allegations of the complaint and pled the same affirmative defense as the Hadallers.

On April 10, 1997, the Hadallers filed a motion for summary judgment.

On July 7, 1997, plaintiffs filed a response to the summary judgment stating:

Plaintiffs have agreed to take a voluntary non-suit as to Angela Savage Hadaller, Defendant Timothy Michael Hadaller's wife.

Plaintiffs believe the complaint speaks for itself and is simple, concise and direct.

On July 10, 1997, the Hadallers filed an excerpt from their deposition including the following:

Q.    Mr. Hadler, with respect to your obligations pertaining to the leukemia project, did you remain available after you signed this release to perform those obligations?

A.    Yes, I did.

Q.     Okay.  Were you ever asked by anybody to do anything with respect to the leukemia project after you signed the release?

A.     No.

On July 18, 1997, the Trial Court entered an order stating:

The court finds that there are no allegations of fact before this court against Defendant Angela Hadaller which tend to establish any claim for relief against her.

The court construes the Release Agreement to require Mr. Hadaller to pay Plaintiff the sum of Twenty-Five Thousand Dollars ($25,000.00).  This is the only condition to the effectiveness of the release and Mr. Hadaller has clearly satisfied that condition.  The record before the court does not contain statements from affidavits, from discovery or otherwise which tend to establish a breach of contract by either of the Defendants Hadaller.

With respect to the claims for relief based on statutory and common-law inducement to breach, and upon a civil conspiracy, the record before the court is equally devoid of the specific facts from either affidavits or discovery materials that are required by Byrd v. Hall, 847 S.W.2d 208 (1993).  Likewise, the "injunctive relief" that Plaintiff refers to in this complaint is a remedy only and is not a ground for relief.

It is therefore Ordered that the motion for partial summary judgment is granted and that the defendants Timothy Michael Hadaller and Angela Savage Hadaller are dismissed as parties to this action.

On August 25, 1997, the Trial Court overruled a motion to alter or amend the order entered on July 18, 1997.

On August 27, 1997, Don Sutton filed his motion for summary judgment.

On September 23, 1997, plaintiffs appealed from the July 18 and August 25, 1997, orders.

On November 5, 1997, the Trial Court entered "partial summary judgment" in favor of

David Sutton stating:

> This cause came on to be heard before this Honorable Court on the 9th day of October, 1997 upon the Motion for Partial Summary Judgment filed on behalf of the Defendant, David Sutton, statements by counsel, supporting affidavits, evidence, memoranda and the record as a whole;
>
> This Court finds that no genuine issue of material fact exists regarding Mr. Sutton's knowledge of the existence of an exclusive agreement between Infinity Entertainment Corporation and Defendant, Mark Bernard, that same is an essential element to proving the existence of a breach of contract between Infinity Entertainment Corporation and Mark Bernard and that there is no evidence to support Plaintiffs' theory of a conspiracy between Defendants David Sutton and Mark Bernard regarding a breach of Mr. Bernard's contractual obligations with Plaintiff.
>
> In making its findings, the Court has considered the past dealings between the parties, the testimony of Mark Bernard, Ricci Mareno and David Sutton, as well as the pleading filed in this case; specifically, Paragraph 21 of the Answer filed on behalf of the Defendant, David Sutton.

On December 8, 1997, (a Monday), the plaintiffs filed a notice of appeal stating:

> Comes the Plaintiffs and file this Notice of Appeal from a second partial summary judgment from the Chancery Court of Davidson County, Tennessee, Part III.

The appellants present the following issues:

> 1. Did court err in granting summary judgment to Defendant, Tim Hadler?
>
> 2. Did Court err in granting summary judgment to Defendant, David Sutton?
>
> 3. Does Tennessee Rules of Civil Procedure abrogate the Plaintiffs' right to trial by jury?
>
> 4. Does bench trial by deposition and summary judgment deprive parties of their day in court?

## FIRST ISSUE

### Dismissal of Tim Hadaller

The uncontroverted evidence shows that whatever contractual relations existed between plaintiffs and Tim Hadaller were released and discharged by a written agreement. Plaintiffs appear to seek rescission of the release for fraud. Defendants offer evidence denying fraud, and plaintiffs offer no evidence to establish fraud which is not presumed. *Hiller v. Hailey*, Tenn. App. 1995, 915 S.W.2d 800; *Fowler v. Happy Goodman Family*, Tenn. 1978, 575 S.W.2d 496.

No merit is found in plaintiffs' first issue.

## SECOND ISSUE

Dismissal of David Sutton

Plaintiffs' suit against David Sutton was apparently based upon the theory that he furnished the $25,000.00 consideration for the release of Tom Hadaller and thereby joined in a conspiracy to defraud plaintiffs. A necessary prerequisite to recovery of damages from David Sutton is a rescission of the instrument executed by plaintiffs releasing Tim Hadaller. As heretofore discussed, plaintiffs have not offered evidence to support such rescission and the release discharged Tim Hadaller. Without rights against Tim Hadaller, plaintiffs have no rights against any alleged conspirator in connection with the release.

No merit is found in plaintiffs second issue.

## THIRD ISSUE

Right to Trial by Jury

Decisions granting summary judgment involve only questions of law and therefore do not invade the province of the jury. *Roberts v. Roberts*, Tenn. App. 1992, 845 S.W.2d 225.

No merit is found in plaintiffs' third issue.

## FOURTH ISSUE

<u>Day in Court</u>

Plaintiffs have had their day in court and have been defeated by a ruling of law similar to a directed verdict. *Gray v. Amos*, Tenn. App. 1993, 869 S.W.2d 925.

The judgments of the Trial Court are affirmed. Costs of this appeal are assessed against the appellants. The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE