FILED

July 31, 1998

Cecil W. Crowson
Appellate Court Clerk

DONALD DAVIS,                           )
                                        )    Sumner Circuit
            Plaintiff/Appellant,        )    No.  16897-C
                                        )
VS.                                     )
                                        )
SUMNER COUNTY SHERIFF, J.D.             )    Appeal No.
VANDERCOOK, BILLY TEMPLETON,            )    01A01-9712-CV-00696
ASSISTANT ADMINISTRATOR,                )
SONYA TROUTT,                           )
                                        )
            Defendants/Appellees.       )


**IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE**

**APPEAL FROM THE CIRCUIT COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE**

**HONORABLE THOMAS GOODALL, JUDGE**


Donald Davis, #117350
D.C.I., Box 700
Waupun, WI 53963
PRO SE PLAINTIFF/APPELLANT


William R. Wright, BPR 4024
Leah May Dennen, BPR 12711
Office of the Law Director
Sumner County Administration Building
355 North Belvedere Drive, Room 208
Gallatin, Tennessee 37066
ATTORNEYS FOR DEFENDANTS/APPELLEES


**AFFIRMED AND REMANDED.**


                        HENRY F. TODD
                        PRESIDING JUDGE, MIDDLE SECTION

CONCURS:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| DONALD DAVIS, | ) | |
|---|---|---|
| | ) | **Sumner Circuit** |
| Plaintiff/Appellant, | ) | **No. 16897-C** |
| | ) | |
| VS. | ) | |
| | ) | |
| SUMNER COUNTY SHERIFF, J.D. | ) | **Appeal No.** |
| VANDERCOOK, BILLY TEMPLETON, | ) | **01A01-9712-CV-00696** |
| ASSISTANT ADMINISTRATOR, | ) | |
| SONYA TROUTT, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

# O P I N I O N

The captioned appellant is a prisoner in the punitive custody of the Tennessee Department of Correction. He sued the Sheriff of Sumner County and two of his employees for violation of 42 USC § 1983 by violating his civil rights by failing to provide him with a "no pork diet" upon his demand therefor.

The defendants moved to dismiss for failure to state a claim for which relief can be granted. However, defendants filed affidavits which were considered by the Trial Judge and mentioned in his judgment dismissing plaintiff's suit. Therefore the motion was properly treated as a motion for summary judgment, and the judgment may be reviewed as a summary judgment.

The affidavit of the Jail Administrator states:

> 1. I am the Jail Administrator of the Sumner County Jail.
>
> 2. When Plaintiff Donald Davis entered the Jail he did not request a special diet.
>
> 3. When we became aware of this, we notified the kitchen and have attempted to provide him alternate food sources.

-2-

4. On several occasions, Mr. Davis has turned down these alternative food sources as he deemed them not as savory as the pork dishes being served.

5. Nevertheless, we will continue to offer him no-pork substitutes when pork is offered in the diet.

The counter affidavit of the plaintiff is composed entirely of argument, including the following:

3. The defendants have to date, failed to address the meals that we're served on the dates in question of complaint, 11/96 to 4/97. Meals being served from 5/97 to present may be nutritionally adequate, plaintiff is no longer there, therefore can not argue these meals of dates in question within complaint.

Plaintiff's affidavit does not deny the unequivocal affidavit of the administrator that, a non-pork diet was furnished to plaintiff from the time of his request for the duration of his incarceration.

When a party moving for summary judgment has filed evidence which, if uncontradicted, requires a summary judgment as a matter of law, the moving party is entitled to summary judgment unless the opposing party offers evidence contradicting that of the moving party. TRCP Rule 56. *Roberts v. Roberts*, Tenn. App. 1992, 845 S.W.2d 225.

In the present case, the plaintiff filed no evidence to contradict that offered by defendants. Therefore, the entry of summary judgment of dismissal was correct.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellant. The cause is remanded to the Trial Court for appropriate further proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

-3-

_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE