BOBBIE READ,                         )         Williamson Circuit
                                     )         No.  I-95391
        Plaintiff/Appellant,         )
                                     )
VS.                                  )
                                     )
HOME DEPOT USA, INC.,                )         Appeal No.
                                     )         01A01-9803-CV-00121
        Defendant/Appellee.          )


# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## APPEAL FROM THE CIRCUIT COURT OF WILLIAMSON COUNTY
## AT FRANKLIN, TENNESSEE

## HONORABLE CORNELIA A. CLARK, JUDGE


R. E. Lee Davies
123 Fifth Avenue, North
Franklin, Tennessee 37064
ATTORNEY FOR PLAINTIFF/APPELLANT


Robert Orr, Jr.
210 Third Avenue, North
P.O. Box 190683
Nashville, Tennessee 37219-0683
ATTORNEY FOR DEFENDANT/APPELLEE



**REVERSED AND REMANDED.**



HENRY F. TODD, JUDGE



CONCURS:
BEN H. CANTRELL, PRESIDING JUDGE, M.S.
WILLIAM C. KOCH, JR., JUDGE

| BOBBIE READ, | ) | **Williamson Circuit** |
| | ) | **No. I-95391** |
| **Plaintiff/Appellant,** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | |
| **HOME DEPOT USA, INC.,** | ) | **Appeal No.** |
| | ) | **01A01-9803-CV-00121** |
| **Defendant/Appellee.** | ) | |

# O P I N I O N

This is a premises liability case in which the captioned plaintiff tripped over an obstruction in the aisle of a retail store. The Trial Court rendered summary judgment for the store because the obstruction was open and obvious. Plaintiff has appealed and presented the following issues:

> 1. Whether the trial court misapplied the "open and obvious" rule under the comparative negligence standards in Tennessee.

> 2. Whether Home Depot, when using overhead displays of merchandise designed to attract shoppers' attention to the merchandise rather than the floor, has a duty to keep its floor free of objects or warn its customers of such objects if they were not removed.

Defendant has presented the following issues:

> I. Whether the undisputed facts make any showing from which it can be said that Home Depot reasonably knew or should have known of the probability of an occurrence such as the one which caused Mrs. Read's injuries.

> II. Whether the undisputed facts establish as a matter of law that the fault of Mrs. Read equaled or exceeded that of Home Depot.

The facts are undisputed.

Defendant displays for sale a wide variety of products used in construction, renovation and decoration of homes. The building is a large warehouse with high ceilings and shelves for storage of cartons of merchandise. The cartons are temporarily stacked in the aisles used by customers, but employees are instructed to move the cartons from the aisle to the shelves promptly to clear the aisle. A sample of each item is removed from its carton and displayed for customer view.

On the occasion of plaintiff's injury. There was a stack of cartons which had been placed in the aisle during the morning and the store employees failed to move the cartons from the aisle to the shelves promptly and had gone to lunch without doing so. The stack was high enough to be readily visible, but one carton, which was on the floor of the aisle, was longer than the rest and protruded into the aisle a few inches further than the other cartons.

The merchandise in this area included over 200 ceiling light fixtures (chandeliers) which were hung 18 feet above the floor in what was described as a light cloud which extended the entire length of the aisle.

Plaintiff, a sixty year old visitor from Mississippi, accompanied by her sister and daughter, visited defendant's store looking for a light fixture for her church. As the group walked in the aisle, plaintiff's daughter and sister led the way and partially obstructed plaintiff's view of the floor ahead. All three ladies were looking at the lighted chandeliers overhead. Plaintiff did not see the carton protruding into the aisle further than the stack. She tripped over it, fell and was injured.

The standards for entry of summary judgment are established by TRCP Rule 56.04. The moving party must present undisputed evidence of facts which entitle that party to judgment as a matter of law. *Byrd v. Hall*, Tenn. 1993, 847 S.W.2d 208. Whether a summary judgment should be rendered is a question of law. *Roberts v. Roberts*, Tenn. App. 1992, 845 S.W.2d 225.

Prior to recent decisions of the Supreme Court, the courts of Tennessee applied what was known as the "open and obvious rule" to defeat a premises liability suit where the danger on the premises was as open and obvious to the plaintiff as to the defendant. *McCormick v. Waters,* Tenn. 1980, 594 S.W.2d 385. *Kendell Oil Co. v. Payne*, Tenn. App. 201, 293 S.W.2d 40 (1955).

In *McIntyre v. Ballentine*, Tenn. 1992, 833 S.W.2d 52, the Supreme Court adopted the principle of comparative fault, whereby a plaintiff guilty of no more than 50% fault might receive a partial recovery, but if plaintiff's fault exceeds 50% there can be no recovery.

In *Coln v. City of Savannah*, Tenn. 1998, 966 S.W.2d 34, the Supreme Court modified the open and obvious rule to provide that, the controller of the premises may be held liable where he or she knows or should have prior knowledge of a dangerous condition on the premises which might reasonably cause harm to reasonably prudent visitor whose attention may be distracted so that he will not discover what is obvious and fail to protect himself against the danger.

The factual considerations pointed out in McIntyre and Coln are such that, before the law is applied, there must first be findings of fact. The necessary facts are not so conclusively established in the present record as to justify a summary judgment.

The presence of the "cloud of light" for the express purpose of attracting the attention of customers placed a special duty of care upon the defendant to provide safety for the customers whose attention was diverted from their pathway to the ceiling.

Moreover, the employees having the assigned duty to promptly clear the aisle of cartons by placing them on shelves, knowing that the cartons were in the aisle, failed to perform their duty by leaving the cartons in the aisle while they went to lunch.

The diversion of her attention to the ceiling, the obstruction of her view of the floor by her companions she was following, and the fact that a carton over which she tripped was

protruding further into the aisle than the stack of cartons, all mitigate or remove any fault of the plaintiff which might be found under other circumstances.

-5-

All of the foregoing circumstances preclude a summary judgment and require an evaluation by the finder of fact.

The judgment of the Trial Court is reversed, and the cause is remanded to the Trial Court for further proceedings. Costs of this appeal are assessed against the defendant appellee.

**REVERSED AND REMANDED**.

_____
HENRY F. TODD, JUDGE

CONCUR:

_____
BEN H. CANTRELL, P.J., M.S.

_____
WILLIAM C. KOCH, JR., JUDGE